IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

FOR PUBLICATION

Filed: April 13, 1998

| | | |
|---|---|---|
| ROBIN M. COLE, | ) | |
| | ) | |
| Appellant, | ) | HICKMAN CHANCERY |
| | ) | |
| | ) | |
| Vs. | ) | HON. DONALD P. HARRIS, |
| | ) | JUDGE |
| | ) | |
| DONAL CAMPBELL, | ) | |
| COMMISSIONER, | ) | NO. 01-S-01-9705-CH-00104 |
| | ) | |
| Appellee. | ) | |

FILED

April 13, 1998

Cecil W. Crowson
Appellate Court Clerk

**For Appellant:**

Alfred H. Knight
WILLIS & KNIGHT
Nashville, Tennessee

**For Appellee:**

John Knox Walkup
Attorney General & Reporter

Michael E. Moore
Solicitor General

Patricia C. Kussmann
Assistant Attorney General
Nashville, Tennessee

# O P I N I O N

COURT OF APPEALS REVERSED;
CASE REMANDED TO TRIAL COURT

ANDERSON, C.J.

We granted this appeal to determine whether a convicted felon has standing to seek public records in the possession of the Department of Correction pursuant to the Tennessee Public Records Act.

The Chancery Court ruled that the prison inmate who sought documents related to a prison riot in which he was involved lacked standing under the Public Records Act because he was a felon and dismissed the petition. A majority of the Middle Section Court of Appeals affirmed, holding that a convicted felon (having been rendered infamous) is not a "citizen" under the Public Records Act.

After our review of the applicable authority, we conclude that neither the Public Records Act nor any specific statute or law prevents a convicted felon from seeking public records under the Public Records Act. We therefore reverse the Court of Appeals' judgment and remand the case to the Chancery Court for further proceedings.

**BACKGROUND**

Robin M. Cole was an inmate at the Turney Center Industrial Prison and Farm in Only, Tennessee, serving terms for three burglary convictions and automobile larceny. On August 7, 1995, following a prison riot, Cole was placed in involuntary administrative segregation. He requested copies of documents in the possession of the Warden relating to the prison riot, but was unsuccessful.

In December of 1995, Cole filed a petition against the Commissioner of Corrections in the Chancery Court for Hickman County requesting access to the documents pursuant to Tenn. Code Ann. § 10-7-503 of the Public Records Act. The

Chancery Court ruled that an inmate who has been convicted of a felony lacks standing under the Act and dismissed the petition.

A majority of the Court of Appeals affirmed the dismissal on the basis that "a person convicted of any felony is infamous," Tenn. Code Ann. § 40-20-112, and therefore not a "citizen" for filing an action under the Public Records Act. In dissent, Judge Koch argued that the majority's conclusion was contrary to the broad, remedial purpose of the Public Records Act, and that none of the specific statutes that impose civil disabilities upon convicted felons preclude the filing of a petition under the Act.

We granted Cole's application for permission to appeal to resolve this question of first impression for this Court.

## PUBLIC RECORDS ACT

Our analysis of the question of whether an incarcerated convicted felon has a right to inspect public records begins with the language of the Public Records Act. The Act governs the right of access to records of government agencies in this state. It provides in part:

> **Records open to public inspection-- Exceptions.** (a) All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with §10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503(a). A procedure for obtaining judicial review of an agency's decision to deny access to records is also set forth in the Act:

> Any citizen of Tennessee who shall request the right of
> personal inspection of any state, county or municipal
> record as provided in § 10-7-503(a), and whose request
> has been in whole or in part denied by the official and/or
> designee of the official or through any act or regulation of
> any official or designee of any official shall be entitled to
> petition for access to any such record and to obtain
> judicial review of the actions taken to deny the access.

Tenn. Code Ann. § 10-7-505(a).

In ruling on a petition for access to records, the Chancery Court is empowered to exercise full injunctive remedies and relief under the Act. While certain records are designated as confidential and are unavailable for public inspection, see Tenn. Code Ann. § 10-7-504, the Act expressly states that it "shall be broadly construed so as to give the fullest possible public access to public records." Tenn. Code Ann. § 10-7-505(d). This Court has upheld this legislative mandate on numerous occasions. Memphis Pub. Co. v. City of Memphis, 871 S.W.2d 681 (Tenn. 1994); Memphis Pub. Co. v. Holt, 710 S.W.2d 513 (Tenn. 1986).

In this case, the trial court and the Court of Appeals concluded that Cole was not a citizen and could not invoke the authority of the Public Records Act. There is no definition of the term "citizen" in the Act, however, nor is there a specific provision regarding the question of whether a person who has been convicted of a felony may seek access to records by filing a petition under the Act. Moreover, there is nothing in the Act that expressly prohibits an inmate from seeking redress.[1] We must, therefore, examine other Tennessee statutory provisions, including its civil disability statutes, to determine whether any such restrictions exist.

---

[1] In arguing that "citizen" has a limited application under the Act, the Commissioner cites a small portion of legislative history with regard to whether an out-of-state resident may petition for relief pursuant to the Act. In our view, the cited excerpt has no bearing on the question before this Court.

## CIVIL DISABILITY STATUTES

Virtually every jurisdiction subjects a convicted defendant not only to criminal punishment but also sanctions that restrict civil and proprietary rights. Special Project, The Collateral Consequences of a Criminal Conviction, 23 Vand. L. Rev. 929 (1970)(hereinafter "Special Project"). Such restrictions, or civil disabilities, date back to ancient Greece and Rome, when a criminal conviction rendered one "infamous," and resulted in the loss of the right to vote, hold office, make speeches or assemble. The sanctions were viewed as retributive and deterrence measures imposed against those who committed crimes because they entailed the loss of rights most cherished by society. Civil disabilities were also imposed in early English common law in the form of "attainder." A person convicted of treason or a felony, i.e., attained, was not only subjected to criminal punishment but also the loss of property, voting, and other civil rights. Id. at 941-944.

In this country, civil disabilities continue to play a significant role in the criminal justice system and generally fall into one of two categories: civil death statutes and specific disability statutes.

Civil death statutes are "blanket provisions that deprive the criminal of [all] rights while he is serving a prison sentence for life or less than life." Special Project, supra, at 950.[2] As defined in Black's Law Dictionary, civil death is:

> [t]he state of a person who, though possessing natural life, has lost all civil rights and as to them is considered civilly dead. . . . In some states, some persons convicted of serious crimes are declared to be civilly dead which means that certain civil rights and privileges of the convicted offender including the right to vote, contract and sue and be sued are forfeited.

---

[2] One example cited in this authority provided that "a person sentenced to imprisonment in the state prison for life is thereafter deemed civilly dead." Special Project, supra, at 951 (quoting, Ariz. Rev. Stat. Ann. § 13-1653(B)(1956)).

Black's Law Dictionary 245 (6th ed. 1990); see also 21A Am. Jur. 2d Criminal Law, § 1032 (1981 & Supp. 1997).

In contrast, the other category - specific disability statutes - designate a particular civil disability that occurs upon the conviction and remains in effect throughout the defendant's life unless restored by a specific statutory procedure. Special Project, supra, at 951. A civil disability pursuant to such a statute may include the loss of the right to vote, hold office, serve as a juror, possess firearms, and the denial of professional or occupational licensing. Id. at 952.

Like the vast majority of states, Tennessee does not have a civil death statute but rather a series of specific disability statutes. These include the loss of the right to vote, see Tenn. Code Ann. § 40-20-112; the loss of the right to hold public office, see Tenn. Code Ann. § 40-20-114; and the loss of the right to serve as a fiduciary, see Tenn. Code Ann. § 40-20-115. Persons convicted of certain violent criminal offenses are prohibited from carrying handguns. Tenn. Code Ann. § 39-17-1307(b). The loss of these specific rights of citizenship may be restored pursuant to a statutory proceeding for "restoration of citizenship" set forth in Tenn. Code Ann. §§ 40-29-101--105. See also 21A Am. Jur. 2d, supra, § 1032-1033.

The Court of Appeals' majority rests its conclusion principally upon the proposition that a convicted felon is rendered infamous. Tenn. Code Ann. § 40-20-112. Although the statute does not define "infamous" or "infamy," it has been defined as follows:

> Condition of being infamous. A qualification of a man's legal status produced by his conviction of an infamous crime and the consequent loss of honor and credit, which, at common law, rendered him incompetent as a witness, and by statute in some jurisdictions entails other disabilities.

Black's Law Dictionary 777 (6th ed. 1990).[3]  When Tenn. Code Ann. § 40-20-112 is

read in its entirety, it is evident that it pertains to specific disabilities, that is, the loss

of the right to vote and the retention of the right to testify:

> Upon conviction for any felony, it shall be the judgment of
> the court that the defendant be infamous and be
> immediately disqualified from exercising the right of
> suffrage.  No person so convicted shall be disqualified to
> testify in any action, civil or criminal, by reason of having
> been convicted of any felony, and the fact of conviction
> for any felony may only be used as a reflection upon the
> person's credibility as a witness.

Id.  Obviously, there is nothing in this specific civil disability provision which pertains

to the right of a convicted felon to seek access to public records under the Public

Records Act.


As a result of our analysis, it is apparent that Tennessee does not

have a civil death statute, nor does it have a specific disability statute that prohibits a

convicted felon from filing a petition under the Public Records Act.    In addition, the

limits of punishment are set by the Legislature and no punishment may imposed

without statutory authority.  See State v. Davis, 940 S.W.2d 558, 562 (Tenn. 1997).

Accordingly, the Court of Appeals' majority erred in concluding that the convicted

felon, Robin Cole, lacked standing to file an action to seek public records under the

Public Records Act.[4]


## CONCLUSION

---

[3]  Although not cited by the Court of Appeals' majority, In re Petition of Curtis, 6 Tenn. Civ. App. 12, 18 (1915) indicates that a person who is adjudged "infamous" is no longer a citizen. This dictum, as Judge Koch observed in his dissent, should not be construed as permitting a civil disability in excess of that authorized by the Legislature.

[4] Our opinion addresses only those portions of Cole's request dealing with public records, and he is not entitled to examine any records that are excluded from disclosure under the Public Records Act.

We conclude that neither the Tennessee Public Records Act nor any other Tennessee statutory provision precludes a convicted felon from seeking access to public records. Accordingly, the judgment of the Court of Appeals is reversed and this case is remanded to the Chancery Court for further proceedings. Costs of this appeal are taxed to the appellee, for which execution may issue if necessary.

_____
RILEY ANDERSON, CHIEF JUSTICE


**CONCUR:**
Drowota, Birch, and Holder, JJ.
Reid, Sp.J.