JERRY CAMMUSE,           )

                       )

      Plaintiff/Appellant,     )        Appeal No.

                       )        01-A-01-9709-CH-00503

v.                  )

                       )        Davidson Chancery

DAVIDSON COUNTY DISTRICT   )        No. 90-W-240

ATTORNEY, et al,          )

                       )

      Defendants/Appellees.   )

FILED

March 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE DAVIDSON COUNTY CHANCERY COURT

AT NASHVILLE, TENNESSEE

THE HONORABLE ELLEN HOBBS LYLE, CHANCELLOR

JERRY CAMMUSE, Pro Se
Turney Center 4B/60
Route One
Only, Tennessee 37140-9709

JOHN KNOX WALKUP
Attorney General & Reporter

MICHAEL E. MOORE
Solicitor General

MEREDITH DEVAULT
Cordell Hull Building, Second Floor
425 Fifth Avenue, North
Nashville, Tennessee 37243
     ATTORNEYS FOR DEFENDANTS/APPELLEES

REVERSED and REMANDED

WILLIAM B. CAIN, JUDGE

# O P I N I O N

This case represents an appeal from the dismissal of an inmate/Petitioner's request under the Tennessee Pubic Records Act to obtain access to documents used in his criminal prosecution.

On November 30, 1990, in case no. 90-W-240, Jerry Dwayne Cammuse was convicted in criminal court of 23 counts of sexual misconduct ranging from sexual battery to aggravated rape of his minor children. Mr. Cammuse was represented at the trial of these charges by Mike Engle of the Metropolitan Nashville Public Defender's Office. From this conviction, Mr. Cammuse appealed. Mr. Cammuse was represented at the appellate proceeding by Mr. Engle and Mr. Jeffrey A. DeVasher, of the Public Defender's Office. After exhausting his opportunity for direct appeal from those proceedings, Mr. Cammuse filed, circa 1996, a Petition for Post-Conviction Relief. At this stage he was represented by Terry J. Canady.

On June 5, 1997, Mr. Cammuse filed the pro se petition which forms the genesis of the case at bar. The petition, denominated as a "Request Pursuant to 5 U.S.C.A. §552 & 552(a) Freedom of Information and Privacy Request, Alternatively Petition for Access to Public Records, T.C.A. § 10-7-505, "names as respondents, the Davidson County Police Department, the District Attorney's Office for Metropolitan Nashville and Davidson County, Tennessee Department of Human Services and Nashville General Hospital. Appellant's prayer for relief reads in pertinent part as follows:

> This Petitioner prays this court will issue an appropriate order to the Davidson County Metropolitan Police Department; the Davison County District Attorney's Office; and, the Tennessee Department of Human Services to surrender copies of all case files dealing with the subject of Jerry Cammuse, for Davidson County Case No. 90-W-240, or any other investigation conducted by any of the respondents pertaining to Jerry Cammuse and all case notes, investigative notes, inner-office communications or inner-agency communications no matter the form, hard-copy or electronically recorded.

2

On June 18, 1997, Mr. Cammuse moved to amend his petition to add as party respondents Messrs. DeVasher and Engle as well as one Terry A. McConnell. The Davidson County Police Department answered Appellant's petition denying Mr. Cammuse's standing as a citizen, recounting with more particularity the circumstances of Appellant's criminal convictions. The Police Department moved for judgment on the pleadings under Rule 12.03 of the Tennessee Rules of Civil Procedure. The Davidson County District Attorney answered and moved similarly. In addition to the lack of standing, the District Attorney's office alleged that Appellant's Post-Conviction attorney had already inspected any items subject to discovery in the criminal trial. Also, the doctrine of collateral estoppel was raised regarding the finding of the Court of Criminal Appeals that records sought from the Department of Human Services were lost.

Although the record shows no evidentiary hearing, two orders of dismissal were entered in this case. These two orders grant the Respondents' motion to dismiss on the following grounds:

1. Insofar as Mr. Cammuse seeks disclosure of documents in the D.A.'s Office et al., which he, through his counsel Terry Canady, has already had the opportunity to peruse and copy, his petition fails to state a claim upon which relief can be granted.

2. Mr. Cammuse is barred through collateral estoppel from requesting documents, which a court of competent jurisdiction has already found to be missing and lost.

3. Tennessee Code Annotated section 10-7-503 does not provide for the forced copying and personal delivery by an agency of the state at the behest of a requesting party. In fact none of the sections provide for more than availability to inspect and copy. 5 U.S.C. § § 552 and 552(a); Tenn. Code Ann. § 10-7-503.

4. Mr. Cammuse, by virtue of his *multiple* convictions for infamous crimes, is not entitled to access to public records. The court cites as authority for this finding. *Cole v. Campbell*, No. 01-A-01-9603-CH-00140, 1996 WL 724920 (Tenn.App.1996) and *Ray v. Stanton*, No. 88-285-II, 1989 WL 14135 (Tenn.App. 1989).

4. The Freedom of Information Act and the Privacy Act, Title 5, sections 552 and 552(a) of the U.S. Code respectively, do not apply to state agencies. *Hasty v. Grunow*, DKT No. 3-92-0736 (M.D.Tenn.October 29, 1992).

Appellant takes issue only with two of the above conclusions, i.e., those regarding infamy, and the provision of copies to inmates by mail. Mr. Cammuse argues on appeal that his convictions for infamous crimes do not destroy his rights as a citizen under the Public Records Act. In truth *Cole, supra,* has been reversed by the supreme court of this state. *Cole v. Campbell,* 968 S.W.2d 274 (1998). In that opinion the court held that convicted felons do indeed have standing to file under the Public Records Act. Therefore Mr. Cammuse is correct in his assertion that his convictions do not deny him standing under the Public Records Act to request disclosure of the documents in question. The question of what access the act requires governmental agencies to grant was addressed most recently by the state supreme court in *Tennessean v. Elec. Power Bd. Nashville*, 979 S.W.2d 297 (Tenn. 1998). In that case the state supreme court found that, consistent with the reasonable rules promulgated by custodial agencies regarding access to their public records, individuals willing to pay reasonable costs of reproduction may obtain said copies from the agencies themselves. Tenn. Code Ann. § § 10-7-503(a), 506(a) (1992 & Supp. 1998); *Tennessean v. Elec. Power Bd. Nashville*, 979 S.W.2d 297, 304-305 (Tenn. 1998). The statutes themselves provide as follows:

> All state, county and municipal records and all records maintained by the Tennessee performing arts center management corporation, except any public documents authorized to be destroyed by the county public records commission in accordance with § 10-7-404, shall at all times, during business hours, be open for personal inspection by any citizen of Tennessee, and those in charge of such records shall not refuse such right of inspection to any citizen, unless otherwise provided by state law.

Tenn. Code Ann. § 10-7-503(a) (1998).

> Any public official having charge or custody of or control over any public records of convictions of traffic violations or any other state, county or municipal public offenses shall make available to any citizen, upon request, during regular office hours, a copy or copies of any such record requested by such citizen, upon the payment of a reasonable charge or fee therefor. Such official is authorized to fix a charge or fee per copy that would reasonably defray the cost of producing and delivering such copy or copies.

Tenn. Code Ann. § 10-7-507 (1992)

4

The thrust of the above statutes is plain. When the intent of the legislature is represented by such clear and unambiguous language, the duty of the court is to apply rather than construe such language. *See Austin v. Memphis Publishing Co.*, 655 S.W.2d 146, 148 (Tenn.1983). *See also Memphis Publishing Co. v. Holt,* 710 S.W.2d 513, 516 (Tenn.1986).

It bears noting that the petitioner in *Cole,* prior to filing, had requested the documents in connection with a pending appeal from the administrative action of the warden of the facility in which he was incarcerated. *Cole v. Campbell,* 968 S.W.2d at 274 (1998). In the case at bar, there has been no showing in the record of any pending proceeding connected with petitioner's request. Indeed, with deference to Petitioner, there is no other proof that Petitioner made requests pursuant to the act prior to instituting this action.[1]

Obviously, the import of the statutes is such that, were Mr. Cammuse not in prison, they would require the respondent custodians to open their non-privileged records for his perusal, consistent with the reasonable rules of those custodial agencies. In addition to the allowance in section 10-7-507 regarding records of convictions, the act has been interpreted to allow assessing of actual costs of copying "commercial records" as well. *Tennessean v. Elec. Power Bd. Nashville*, 979 S.W.2d 297, 303-304 (Tenn. 1998); Tenn. Code. Ann. § 10-7-506(a) (1988).

In light of the above authorities and despite his incarceration due to *multiple* convictions, we find he is entitled (a) to make such a request, and (b) to have an evidentiary hearing before the chancellor, in which the state bears the burden of proof for justification of non-disclosure by a preponderance of the evidence. Tenn. Code Ann. §10-7-505 (1998). We reverse the orders granting Respondents' motions below without prejudice to the Respondents' right to raise all possible defenses including but not limited to those regarding privilege under

---

[1] All prior requests discussed in the record were made on his behalf by petitioner's prior counsel in connection with his criminal trial, his criminal appeal and his post conviction petition. All of these actions became final prior to filing the instant petition, which seems to be grounded not in any specific additional court action, but simply in Mr. Cammuse's status as a "member of the public" under *Cole v. Campbell, supra.*

Tennessee Code Annotated, section 10-7-504 (1998), and res judicata, as proper defenses to disclosure in the court below.  In any event, Appellant must comply with the cost and expense requirements of section 507 and *Tennessean, supra,* before he may compel copying of any records.

We remand the cause to the chancery court for a hearing on the merits guided by the principles listed above.

_____
WILLIAM B. CAIN, JUDGE

CONCUR:

_____
BEN H. CANTRELL, PRES. JUDGE, M.S.

_____
WILLIAM C. KOCH, JR., JUDGE