IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE

FILED

October 18, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JOHN L. GOODWIN, III, | ) | |
| | ) | FOR PUBLICATION |
| Appellant, | ) | |
| | ) | FILED: OCTOBER 18, 1999 |
| v. | ) | |
| | ) | SUMNER COUNTY |
| HENDERSONVILLE POLICE DEPARTMENT | ) | |
| DAVID L. KEY, Police Chief, and | ) | HON. TOM E. GRAY, JUDGE |
| R. J. THOMPSON, Mayor, | ) | |
| | ) | NO. 01-S-01-9804-CH-00077 |
| Appellees. | ) | |

For Appellant:                          For Appellee:

JOHN L. GOODWIN, III                     JOHN R. BRADLEY
Pro se                                   Hendersonville, TN

OPINION

REVERSED AND REMANDED                                    BIRCH, J.

John L. Goodwin, III, applied for permission to appeal pursuant to Tenn. R. App. P. 11. We accepted the case in order to consider two questions:

> 1. Is a convicted felon a "citizen" within the meaning of the Public Records Act and thereby entitled to utilize its provisions?

> 2. Did Goodwin file his notice of appeal in a timely fashion?

After completely examining the record and thoroughly considering the contentions of the parties, we conclude that both questions must be answered in the affirmative.

Accordingly, and for the reasons herein stated, we remand the cause to the trial court for further proceedings consistent with this opinion.

I

On December 12, 1989, Goodwin was convicted of second-degree burglary and assault with intent to commit rape. Instead of perfecting a direct appeal, he filed a petition for post-conviction relief in which he alleged, among other things, that he had been denied the effective assistance of trial counsel. The trial court denied post-conviction relief. However, the Court

of Criminal Appeals held that Goodwin should have the right to pursue a new trial and to perfect a delayed appeal if necessary. Goodwin did nothing.

On April 12, 1995, Goodwin, an incarcerated pro se litigant, filed a complaint in the Chancery Court of Sumner County against certain members of the Hendersonville Police Department and the mayor of Hendersonville. He alleged that the respondents had denied him access to certain information during the above-described 1989 trial. He asserted a right under the Public Records Act[1] to access the files containing the allegedly withheld information.

The trial court found that Goodwin was without standing to seek relief under the Public Records Act because he had been rendered infamous as a result of the felony convictions in 1989. Goodwin appealed this ruling. The Court of Appeals found Goodwin's notice of appeal to have been untimely filed and did not address the issue concerning his threshold right under the Public Records Act for access to the files he requested.

Addressing the issue, the Public Records Act is by its terms available for use by "citizens." In Cole v. Campbell, 968 S.W.2d 274 (Tenn. 1998), we held that a convicted felon is a "citizen" for purposes of the Public Records Act and would, thereby, have standing to utilize its provisions. Thus, under

---

[1]Tenn. Code Ann. §§ 10-7-503, -504, and -505 (1992 & Supp. 1998).

3

Cole, Goodwin has standing to utilize the provisions of the Public Records Act.

II

As to the issue of timeliness, we find that Goodwin's notice of appeal was timely filed. On August 7, 1995, Goodwin mailed his notice of appeal and designation of the appellate record to the trial court clerk. It was not received and filed until August 11, 1995, which was 31 days after the entry of the trial court's final order.

Tennessee Rule Appellate Procedure 4(a) governs the filing of appeal notices at the trial court level. The rule requires that the notice of appeal be filed with and received by the trial court clerk within 30 days after the entry of the judgment. A similar provision for the filing of papers in the appellate court is found at Tenn. R. App. P. 20(a). Rule 4(a) also provides "[a]ny party may serve notice of entry of an appealable judgment in the manner provided in Rule 20 for the service of papers." In 1993 this Court amended Tenn. R. App. P. 20 to provide that if papers are

> prepared by or on behalf of a pro se litigant incarcerated in a correctional facility, filing should be timely if the papers are delivered to the appropriate individual at the correctional facility within the time fixed for filing.

4

Rule 4(a) was inadvertently left unchanged. Here, Goodwin delivered the notice of appeal to the appropriate person at the correctional facility well within the time fixed for filing. At that point, he no longer had effective control over any part of the process. Thus, we find his notice of appeal to have been timely filed because he delivered it to prison officials well within the period allowed, complying thereby with Tenn. R. App. P. 4(a).

Accordingly, we remand this cause to the trial court[2] to supervise and monitor the delivery of the requested information as may be necessary and for other proceedings consistent with this opinion.

Costs of this appeal are taxed to the appellees.

_____
ADOLPHO A. BIRCH, JR., Justice

Concur:

Anderson, C.J.
Drowota, Holder, Barker, JJ.

---

[2]We had intended initially to dispose of this matter by entry of a memorandum order. However, on July 27, 1998, the respondents filed a motion averring that they had provided Goodwin with the information he had sought, suggesting thereby that the issues were moot. Goodwin, responding to the State's motion, claims that the respondents have not provided him with the information he sought. Thus, we overruled the motion to dismiss by order entered August 10, 1998.