IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
January 9, 2001 Session

## STATE OF TENNESSEE v. JOHN EDWARD JOHNSON, JR.

**Direct Appeal from the Criminal Court for Obion County**
**No. 0-204      William B. Acree, Jr., Judge**

---

**No. W2000-01986-CCA-R3-CD - Filed March 22, 2001**

---

The defendant pled guilty to felonious possession of a handgun for an agreed sentence of one year. The parties reserved a certified question of law; namely, whether an individual, who was previously convicted of aggravated assault with a deadly weapon but subsequently had his full citizenship rights restored pursuant to Tenn. Code Ann. § 40-29-101--105, can lawfully possess a handgun. We conclude that a convicted felon, otherwise prohibited from possessing a handgun under Tenn. Code Ann. § 39-17-1307(b)(1)(A), may lawfully possess a handgun in his residence after his "full citizenship rights" have been restored.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed and Charge Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, J., joined. DAVID G. HAYES, J., filed a dissenting opinion.

Lance E. Webb, Union City, Tennessee, for the appellant, John Edward Johnson, Jr.

Paul G. Summers, Attorney General and Reporter; Mark E. Davidson, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The defendant pled guilty to felonious possession of a handgun, reserving a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i). The certified question of law is as follows: "After an individual has had his full citizenship rights restored pursuant to Tenn. Code Ann. § 40-29-101 *et seq.* following a conviction of aggravated assault with a deadly weapon , can he be convicted of a violation of Tenn. Code Ann. § 39-17-1307(b)(1)(A) or is he allowed to possess a handgun?" We

conclude that once the defendant's full citizenship rights were restored, he was lawfully entitled to possess a handgun in his residence. Accordingly, we set aside the defendant's conviction.[1]

## I. FACTS

On February 4, 2000, law enforcement officials searched the defendant's residence pursuant to a search warrant, and they seized marijuana, a rifle, and a handgun. It was stipulated that the defendant was previously convicted of aggravated assault with a deadly weapon on June 30, 1989. On May 12, 1999, the defendant secured a Certificate of Restoration of Citizenship. It was also stipulated that the defendant possessed a handgun in his residence on February 4, 2000.

## II. FELONIOUS WEAPON POSSESSION

The defendant claims that he regained his constitutional right to possess a handgun within his residence due to the restoration of his full rights of citizenship. We agree.

The state correctly asserts that an individual convicted of a violent felony is generally precluded from possessing handguns. Tenn. Code Ann. § 39-17-1307(b)(1)(A) provides "a person commits an offense who possesses a handgun and [h]as been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon." However, the code also contains provisions allowing for a convicted felon's "restoration of citizenship." Tenn. Code Ann. § 40-29-105(b)(1) (Supp. 1998) provides in pertinent part that "[a] person rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have <u>full rights of citizenship</u> restored" upon service or expiration of the maximum sentence imposed. (Emphasis added).

The defendant contends that "full rights of citizenship" include the right to possess a handgun within his residence. *See* Tenn. Code Ann. § 39-17-1308(a)(3)(A). The state argues that restoration of citizenship rights does not include a convicted felon's right to possess a handgun. The state argues that Tenn. Code Ann. § 39-17-1308(b) bars anyone convicted of a felony involving the use of a deadly weapon from utilizing the general defenses set forth in that statute, such as possession of a weapon in one's residence. However, if citizenship rights have been <u>fully</u> restored, it would appear that a person would occupy the same status as ordinary citizens.

The Tennessee Supreme Court has discussed the precise issue before this court, albeit in the context of the right of a convicted felon to seek public records under the Public Records Act. Our supreme court stated:

---

[1]In fairness to the trial court, we note that this issue was never presented to the trial court for determination. The defendant simply entered a guilty plea reserving this certified question. Nevertheless, the certified question is properly before this court.

> Like the vast majority of states, Tennessee does not have a civil death statute but rather a series of specific disability statutes. These include the loss of the right to vote, *see* Tenn. Code Ann. § 40-20-112; the loss of the right to hold public office, *see* Tenn. Code Ann. § 40-20-114; and the loss of the right to serve as a fiduciary, *see* Tenn. Code Ann. § 40-20-115. <u>Persons convicted of certain violent criminal offenses are prohibited from carrying handguns. Tenn. Code Ann. § 39-17-1307(b). The loss of these specific rights of citizenship may be restored pursuant to a statutory proceeding for "restoration of citizenship" set forth in Tenn.Code Ann. §§ 40-29-101--105</u>. See also 21A Am.Jur.2d, *supra*, § 1032-1033.

<u>Cole v. Campbell</u>, 968 S.W.2d 274, 276 (Tenn. 1998) (emphasis added). Although the state and Judge Hayes in his dissent make a compelling argument, we believe this unambiguous statement of the Tennessee Supreme Court is controlling.

Tenn. Code Ann. § 40-29-105(b) provides for the restoration of "<u>full</u> rights of citizenship." (Emphasis added). At the very least, the statutes are ambiguous as to whether restoration includes the right of a defendant to possess a handgun in his residence. However, any ambiguity in a criminal statute must be strictly construed in favor of the defendant and against the state. <u>State v. Levandowski</u>, 955 S.W.2d 603, 604 (Tenn. 1997).

Accordingly, we are of the opinion that the right to possess a handgun in the defendant's residence was included in the "full rights of citizenship" that were restored to him on May 12, 1999. It is the responsibility of this court to interpret statutes as written, not to determine whether they are wise or unwise. Any contrary interpretation or application should come from the Tennessee Supreme Court or through legislation.

## CONCLUSION

Based upon the foregoing, we hold that the defendant committed no criminal act pertaining to possession of the handgun in his residence. Thus, the judgment of the trial court is reversed, and the charge is dismissed.

_____
JOE G. RILEY, JUDGE