IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs November 5, 2019



FILED
01/14/2020
Clerk of the
Appellate Courts

**STATE OF TENNESSEE v. JOHN P. RUSSELL**

**Appeal from the Circuit Court for Madison County**
**No. 14-650    Kyle Atkins, Judge**

_____

**No. W2019-00346-CCA-R3-CD**

_____

John P. Russell, Defendant, appeals the trial court's denial of his "Motion to Receive Jail Credits and Time at Liberty." Because Defendant's Notice of Appeal was not timely filed and the interest of justice does not warrant waiver, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

John P. Russell, Clifton, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Jonathan H. Wardle, Assistant Attorney General; Jody Pickens, District Attorney General; and Al Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

*Procedural History*

To give context to Defendant's "Motion to Receive Jail Credits and Time at Liberty," the denial of which gave rise to this appeal, we will provide a short procedural history.

On June 6, 2016, Defendant pled guilty in Case No. 14-650 to Class D felony burglary and Class E felony vandalism. On the same day, Defendant pled guilty in Case No. 14-651 to Class E felony attempted burglary and Class E felony vandalism. Defendant was sentenced as a persistent offender to eight years' incarceration for Class D felony burglary in Case No. 14-650 and to concurrent six-year sentences for the three

Class E felonies, for an effective eight-year sentence. The judgment of conviction for Class D felony burglary provided pretrial jail credit from August 16, 2014, to September 19, 2014, and from April 28, 2016, to June 6, 2016.

On March 9, 2018, Defendant filed a "Motion to Receive Jail Credits" from January 15, 2016, until April 28, 2016, a time period during which he claimed he was being held in the Davidson County Jail pending arraignment in Case No. 14-650.

On April 24, 2018, Defendant filed a "Motion to Receive Jail Credits" from August 14, 2014, until April 19, 2015; from September 19, 2014, until Defendant "went to prison, pending arraignment[;]" and from April 28, 2016, until June 6, 2016, when he went "back to prison."

On June 25, 2018, the trial court entered an order denying the April 24, 2018 motion, finding "that [D]efendant is trying to obtain good time or behavioral credits. These credits are awarded by the Tennessee Department of Correction."

On July 5, 2018, Defendant filed a "Motion to Receive Pretrial Jail Credits" from August 14, 2014, until September 19, 2014, and from September 19, 2014, until June 6, 2016. The State filed a response claiming that the judgments "contain the pretrial jail credits." On July 20, 2018, the trial court entered an order denying the July 5, 2018, motion finding "that the judgments entered in [Case No. 14-650] reflect the correct pre-trial credits." After the order was entered, Defendant filed a response to the State's response. On August 3, 2018, the trial court entered a second order denying the July 5, 2018 motion.

On August 2, 2018, Defendant filed a "Motion to Correct Illegal Sentence." On August 8, 2018, the trial court found that Defendant cannot raise the issue of jail credits under Tennessee Rule of Criminal Procedure 36.1 and summarily dismissed the motion.

On November 29, 2018, Defendant filed a "Motion to Receive Jail Credits and Time at Liberty," requesting jail credit for the following periods:

1. From August 16, 2014, until September 19, 2014, when he was in jail in Madison County;
2. From September 19, 2014, until October 27, 2014, when was in the Tennessee Department of Correction;;
3. From October 27, 2014, until January 15, 2016, for his "Time at Liberty;"
4. From January 15, 2016, to April 28, 2016, when he was in jail in Davidson County; and

5. From April 28, 2016, until June 6, 2016, when he was in jail in Madison County.

The State filed a response claiming that the trial court had "denied three previous motions to receive jail credits" and that Defendant did not appeal from the court's previous orders. On January 15, 2019, the trial court entered an order which provided:

After reviewing [Defendant's] motion, the State's response filed December 3, 2018, []Defendant's "Response to State to Dismiss" filed December 17, 2018, and the record as a whole, the [c]ourt finds that the judgments entered in the above listed case reflect the correct pre-trial credits. Therefore, the motion is [d]enied.

### Notice of Appeal

On February 11, 2019, Defendant executed a Notice of Appeal before a notary public. The Certificate of Service, which was page 3 of the Notice of Appeal, allowed Defendant to certify the date the Notice of Appeal was "given to prison mail room authorities." None of the blanks of the Certificate of Service were filled in, and the Certificate of Service was not signed by Defendant. The Notice of Appeal was filed with the Appellate Court Clerk on February 20, 2019.

### Analysis

On appeal, Defendant claims:

Issue presented for review is the motion filed to be credited for time at liberty, because of negligence and due process violation. An[d] the miscarriage of justice by [the Assistant District Attorney General] and Investigator [] on 8/18/2014 charging [Defendant] with burglary of Value Plus Foods with lack of evidence on the essential element she used for the crime, was [Defendant] she viewed from the video footage she collected.

The State claims that the appeal is untimely, that the appeal challenges a trial court decision that is not subject to appeal, and that the "time at liberty" claim "is based on facts outside of the record and on a legal doctrine that has been rejected in Tennessee[.]" We agree that the appeal is untimely.

Pursuant to Tennessee Rules of Appellate Procedure 4(a), a notice of appeal "shall be filed with and received by the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Tenn. R. App. P. 4(a). The judgment

appealed from was entered on January 15, 2019, and Defendant had until February 14, 2019, to timely file his Notice of Appeal. The Notice of Appeal was filed with the Appellate Court Clerk on February 20, 2019, more than thirty days after the judgment appealed from was entered.

Because Defendant was a "pro se litigant incarcerated in a correctional facility[,]" he could have timely filed by delivering the Notice of Appeal "to the appropriate individual at the correctional facility within the time fixed for filing." Tenn. R. App. P. 20(g); *see Goodwin v. Hendersonville Police Dep't*, 5 S.W.3d 633, 634 (Tenn. 1999). Defendant bears the burden to show that he delivered the Notice of Appeal "to the appropriate individual at the correctional facility within the time fixed for filing." *See State v. Carl T. Jones*, M2011-00878-CCA-R3-CD, 2011 WL 5573579, at *1 (Tenn. Crim. App. Nov. 15, 2011) (citing Tenn. R. App. P. 4(a)) (stating that appellant bears the responsibility to properly perfect his appeal), *perm. app. denied* (Tenn. Apr. 11, 2012); *see also Douglas Marshall Mathis v. Bruce Westbrooks, Warden*, No. M2016-01348-CCA-R3-HC, 2016 WL 7155059, at *2 (Tenn. Crim. App. Nov. 16, 2016), *perm. app. denied* (Tenn. Mar. 8, 2017).

In his reply brief, Defendant claims that he did not receive a copy of the order denying his motion until January 20, 2019, and that he had thirty days from receipt of the order to file his Notice of Appeal. Defendant claims his Notice of Appeal was timely because it was filed with the Appellate Court Clerk on February 20, 2019. Defendant claims this proves that the Notice of Appeal "was placed in the prison mail by the 18th day of February or later" and was therefore timely filed within thirty days of the date he received the order. The order shows on its face that it was stamped "Filed January 15, 2019" by the Circuit Court Clerk and that a deputy clerk certified that it was mailed to Defendant the next day. Tennessee Rules of Appellate Procedure 4(a), states that a notice of appeal "shall be filed with and received by the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]" Defendant knew or should have known that the order was entered on January 15, 2019, and that he had to deliver the Notice of Appeal to prison authorities on or before February 14, 2019. Defendant had adequate time to comply with Rule 4(a) but failed to do so. The Notice of Appeal was not timely filed.

Nevertheless, the untimely filing of a notice of appeal is not always fatal. Rule 4(a) provides that "in all criminal cases the 'notice of appeal' document is not jurisdictional and the filing of such document may be waived in the interest of justice." Tenn. R. App. P. 4(a). Waiver is not automatic, and the appellant "bears the responsibility . . . to demonstrate that the 'interest of justice' merits waiver of an untimely filed notice of appeal." *Carl T. Jones*, 2011 WL 5573579, at *1. In determining whether waiver is appropriate, this court must consider "the nature of the issues for review, the

reasons for the delay in seeking relief, and other relevant factors presented in each case." *Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. Feb. 13, 1996), *perm. app. denied* (Tenn. May 28, 1996); *see also State v. Markettus L. Broyld,* No. M2005-00299-CCA-R3-CO, 2005 WL 3543415, at *1 (Tenn. Crim. App. Dec. 27, 2005), *no perm. app. filed*.

We have previously discussed the reasons given by Defendant for his failure to timely file the Notice of Appeal. Those reasons standing alone are not sufficient to demonstrate that the interest of justice merits waiver.

On appeal, Defendant presents two issues for review. The first involves jail credit for his "time at liberty" and the second involves certain evidence used to obtain the indictment against him. Defendant cites a single Tennessee case, *State v. Chapman*, to support his argument that he should receive credit for "time at liberty" even though that case provides that "[t]he doctrine of credit for time at liberty does not exist in Tennessee." 977 S.W.2d 122, 127 (Tenn. Crim. App. 1997); s*ee also Dennis Joe Stobaugh v. Kenneth W. Locke, Warden*, No. M2006-01624-CCA-R3-HC, 2007 WL 2702783, at *1 (Tenn. Crim. App. Sept. 14, 2007), *perm. app. denied* (Tenn. Dec. 17, 2007). The second issue involves certain evidence Defendant claims was improperly used to obtain the indictment against him. This issue was not raised in the trial court in his "Motion to Receive Jail Credits and Time at Liberty," but instead was raised for the first time on appeal and is therefore waived. *State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived.").

Defendant does not address in his brief any jail credits to which he claims he was entitled other than those for his time at liberty. Review of "issues which are not supported by argument . . . will be treated as waived[.]" Tenn. Ct. Crim. App. R 10(b).

*Conclusion*

The nature of the issues for review and the reasons given by Defendant for the delay in filing his Notice of Appeal do not merit waiver in the interest of justice. No other relevant factors in the record merit waiver. Defendant's Notice of Appeal was not timely filed, and Defendant has failed to demonstrate that the interest of justice support a waiver of the filing deadline. We dismiss the appeal as untimely.

_____
ROBERT L. HOLLOWAY, JR., JUDGE