FILED
06/30/2021
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs April 13, 2021

**STATE OF TENNESSEE v. FREDERICK ROBINSON, JR.**

**Appeal from the Criminal Court for Davidson County**
**No. 99-A-403     Cheryl Blackburn, Judge**

**No. M2020-01004-CCA-R3-CD**

The pro se petitioner, Frederick Robinson, Jr., appeals the Davidson County Criminal Court's summary dismissal of his motion to correct an illegal sentence, filed pursuant to Tennessee Rule of Criminal Procedure 36.1.  Discerning no error, we affirm.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS, P.J., and CAMILLE R. MCMULLEN, J., joined.

Frederick Robinson, Jr., Mountain City, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Ruth Anne Thompson, Assistant Attorney General; Glenn R. Funk, District Attorney General; and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In June 1999, the petitioner pleaded guilty to three counts of first degree murder for the deaths of Paul J. Easley, Shirley Stewart, and Carlos Deangelo Stewart. Pursuant to the plea agreement, the defendant received three concurrent sentences of life without the possibility of parole.

The defendant unsuccessfully sought post-conviction relief, alleging that his guilty pleas were not entered knowingly and voluntarily and that he was deprived of the effective assistance of trial counsel.  *Frederick J. Robinson v. State*, No. M2001-02018-CCA-R3-PC, slip op, at 1 (Tenn. Crim. App., Nashville, Oct. 21, 2002).  This court affirmed the denial of post-conviction relief on appeal.  *Id.*

In June 2020, the petitioner moved to correct an illegal sentence pursuant to

Tennessee Rule of Criminal Procedure 36.1, arguing that his sentences were illegal because the trial court lacked jurisdiction because he was not granted a juvenile transfer hearing before his indictment and that his sentence of life without the possibility of parole was illegal because of his juvenile status.

In its written order summarily dismissing the petitioner's Rule 36.1 motion, the trial court found that the petitioner was 18 years old at the time of the offenses—a fact which the petitioner acknowledged—and, consequently, "was properly adjudicated as an adult" and "was lawfully sentenced."

In this appeal, the petitioner reasserts his argument that his sentence is illegal because the criminal court lacked jurisdiction and because his sentence of life without the possibility of parole is prohibited under *Miller v. Alabama*, 567 U.S. 460 (2012). The State argues first that this appeal is untimely and, alternatively, that the petitioner has failed to state a colorable claim under Rule 36.1.

As to the timeliness of this appeal, Rule 4(a) of the Tennessee Rules of Appellate Procedure requires a petitioner to file a notice of appeal "within 30 days after the date of entry of the judgment appealed from." It is well-settled, however, that a filing "prepared by or on behalf of a pro se litigant incarcerated in a correctional facility . . . should be considered timely if the papers are delivered to the appropriate individual at the correctional facility within the time fixed for filing." *Goodwin v. Hendersonville Police Dept.*, 5 S.W.3d 633, 634 (Tenn. 1999) (quoting Tenn. R. App. P. 20(g)). Here, the trial court's order denying the Rule 36.1 motion was filed on June 18, 2020. The petitioner's notice of appeal, although not received by the clerk until July 27, 2020, was dated by the petitioner on July 19, 2020. The record does not contain any other markings indicating a different date on which the notice of appeal was received by the "appropriate individual at the correctional facility"; however, we will consider the petitioner's notice of appeal timely filed.

Turning to the merits of this case, Rule 36.1 provides the defendant and the State an avenue to "seek the correction of an illegal sentence," defined as a sentence "that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1; *see also State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015) (holding that "the definition of 'illegal sentence' in Rule 36.1 is coextensive with, and not broader than, the definition of the term in the habeas corpus context"). To avoid summary denial of an illegal sentence claim brought under Rule 36.1, a defendant must "state with particularity the factual allegations," *Wooden*, 478 S.W.3d at 594, establishing "a colorable claim that the sentence is illegal," Tenn. R. Crim. P. 36.1(b). "[F]or purposes of Rule 36.1 . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule

36.1." *Wooden*, 478 S.W.3d at 593. The determination whether a Rule 36.1 "motion states a colorable claim for correction of an illegal sentence under Rule 36.1 is a question of law, to which de novo review applies." *Id.* at 589 (citing *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007)).

Here, Rule 36.1 does not afford the petitioner relief. The petitioner acknowledges that he was 18 years old at the time of the offenses in this case. His assertion that he should have been considered a juvenile despite his age is based on a misunderstanding of our juvenile statutes. He points to Code section 37-1-134(e), which states: "No child, either before or after reaching eighteen (18) years of age, shall be prosecuted for an offense previously committed unless the case has been transferred [to a criminal court] as provided in subsection (a)." T.C.A. § 37-1-134(e). Contrary to the petitioner's assertion, this statute does not provide for juvenile status of all 18 year olds accused of crimes. Rather, this statute provides only that a person 18 years of age or older that is accused of having *previously* committed a crime—while under the age of 18—has the right to a transfer hearing prior to indictment. *Id.* Furthermore, our Code clearly defines a child as a person *under* the age of 18. *Id.* § 37-1-102(b)(5)(a) (defining child as "[a] person under eighteen (18) years of age"); *see also id.* § 37-1-102(b)(3) (defining adult as "any person eighteen (18) years of age or older").

Even if the petitioner had been considered a juvenile at the time of the offenses, the failure of the juvenile court to conduct a transfer hearing prior to the petitioner's indictment in the criminal court would not deprive the criminal court of jursidiction. *See State v. Hale*, 833 S.W.2d 65, 67-68 (Tenn. 1992) (holding that the failure by a juvenile court to conduct a transfer hearing is a procedural defect which does not deprive a criminal court of jurisdiction and that a defendant's failure to raise the issue before trial results in waiver). Consequently, the criminal court's sentence is not illegal for lack of jurisdiction.

Accordingly, we discern no error in the trial court's summary dismissal of the petitioner's motion, and we affirm the judgment of the trial court.

_____
JAMES CURWOOD WITT, JR., JUDGE