

In The

Court of Appeals

Seventh District of Texas at Amarillo

_____

No. 07-22-00155-CR
_____

SAUL LOZANO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 137th District Court
Lubbock County, Texas
Trial Court No. DC-2022-CR-0022, Honorable John J. McClendon III, Presiding

April 10, 2023

MEMORANDUM OPINION

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Following a plea of not guilty, Appellant, Saul Lozano, was convicted by a jury of continuous sexual abuse of a child under age fourteen and sentenced to ninety-nine years' confinement without the possibility of parole.[1]  By two issues, he contends the trial court abused its discretion in: (1) denying his motion for mistrial and (2) failing to admonish

---

[1] TEX. PENAL CODE ANN. § 21.02(b), (h); TEX. GOV'T CODE ANN. § 508.145 (a)(2) (providing that an inmate is not eligible for release on parole when serving a sentence under section 21.02 of the Texas Penal Code).

him regarding his right to be present in the courtroom during trial and inquiring whether he knowingly and voluntarily waived that right. We affirm.

## BACKGROUND

Appellant, who was a paramour of the complainant's mother, was indicted for continuous sexual abuse of the complainant which began when she was approximately eight years old. The complainant and her siblings lived with their mother and Appellant and moved several times over the course of the abuse.

On the third day of a four-day trial, the complainant, who was then twelve, testified to numerous instances of abuse by Appellant. After the noon recess, Detective Jeremy Jones was called to testify. While explaining how he was assigned to investigate the case, Appellant interrupted Detective Jones's testimony with an intense outburst using abusive and threatening language directed towards Jones and the trial court. Appellant was immediately removed from the courtroom to a holding facility in the basement of the building, and the trial court admonished the jury not to discuss the outburst.

After a short recess, the trial court made the following announcement outside the jury's presence for the record:

> [T]here was an outburst in the courtroom, at which time the Defendant used some rather choice words to a lot of people that are in the courtroom. I - - I subsequently had him removed.
>
> He has been transported down to a holding facility in the basement where he will remain. I had certain information that was relayed to me by our courthouse security . . . ." I'm going to swear in [Corporal Ontiveros] and then let him tell us what happened on his end.

2

Corporal Ontiveros stated Appellant "was refusing to come back in . . . everybody was quote, unquote, f[**]king him over."

Defense counsel was given an opportunity to consult with Appellant, and counsel chose to have what transpired made a part of the record. Based on what transpired in the jury's presence, Appellant's counsel moved for mistrial, which was denied. He also moved to withdraw from the case, which the trial court also denied.

With the jury still out, the trial court announced the following:

> The outburst occurred very quickly, unexpectedly. I certainly didn't see that coming up to that point and was somewhat shocked when it did - - did happen. In addition to the words that were used, the Defendant jumped up and was looking at, in my opinion, people in a threatening way, and also making threatening gestures by pointing at - - each of us.

> As the deputies were quick to try to restrain him, he was struggling from them. And, eventually, they were able to get his hands behind his back, and he continued to struggle with them, and - - and to use rather choice language.

> I've reviewed the cases, including Illinois versus Allen . . . as well as some of its progeny . . . . While I did not have an opportunity to warn [the defendant], which I certainly would've preferred to have had that opportunity, due to the nature of his behavior, I simply did not have an opportunity to do that. And he needed to be - - be removed immediately.

> We have put on the record that he does not wish to come back up here, and so with that having been said, we'll proceed accordingly.

Detective Jones continued with his direct examination after which the trial court called a recess until the next day. On the final day of trial, but before the jury was brought in, Appellant appeared in restraints and his counsel announced, "[i]t's my understanding that he does not wish to be present for the duration of the proceedings." The trial court then admonished Appellant of his constitutional right to be present during trial and

3

confirmed Appellant wished to be absent from the proceedings by having him testify. Appellant answered affirmatively when asked if he understood he was waiving his constitutional rights. The trial court advised Appellant he could return to the proceedings "at any point."

After the jury found him guilty and the proceedings moved to the punishment phase, the trial court inquired whether Appellant desired to be present. Corporal Ontiveros testified he advised Appellant that arrangements could be made if Appellant chose to return to the proceedings, but Appellant was steadfast in his decision to remain absent. Ontiveros further testified that the jail pod officer supervising Appellant would advise him if Appellant reconsidered, which Appellant did not.

## APPLICABLE LAW

An accused enjoys the right to be present in the courtroom at every stage of trial. *See Illinois v. Allen*, 397 U.S. 337, 338, 90 S. Ct. 1057, 25 L. Ed. 2d 353 (1970). *See also* U.S. CONST. amend. VI; TEX. CONST. art. I, § 10; TEX. CODE CRIM. PROC. ANN. art. 33.03. That right, however, is not absolute and an accused can lose the right to be present at trial if he is warned of the possibility of removal for continued disruptive behavior. *Allen*, 397 U.S. at 343. The right can be reclaimed when the accused is "willing to conduct himself with the decorum and respect inherent in the concept of courts and judicial proceedings." *Id.*

4

**ISSUE ONE—MISTRIAL**

Appellant maintains the trial court abused its discretion in denying his motion for mistrial because there was a reasonable probability that his outburst interfered with the jury verdict. We disagree.

Defense counsel moved for mistrial based on "what's transpired, and the fact that it occurred in the presence of the jury . . . ." A mistrial is appropriate only in extreme circumstances for a narrow class of highly prejudicial and incurable errors and depends on the particular facts of the case. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). A trial court's denial of a motion for mistrial is reviewed for abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 292 (Tex. Crim. App. 2010). A trial court does not abuse its discretion in denying a motion for mistrial based on the defendant's own misconduct. *George v. State*, 446 S.W.3d 490, 503 (Tex. App.—Houston [1st Dist.] 2014, pet. ref'd); *Molina v. State*, 971 S.W.2d 676, 682 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd).

A defendant cannot generate the cause for requesting a mistrial and then benefit from it. *George*, 446 S.W.3d at 503. To do so would "permit our courts to be bullied, insulted, and humiliated and their orderly progress thwarted and obstructed by defendants brought before them charged with crimes." *Allen*, 397 U.S. at 346. The logic of the doctrines of estoppel and invited error are helpful. *Prystash v. State*, 3 S.W.3d 522, 531 (Tex. Crim. App. 1999). Essentially, a party may not take advantage of an error it invited or caused, even if it involves an absolute or waivable-only right. *Woodall v. State*, 336

5

S.W.3d 634, 644 (Tex. Crim. App. 2011). The trial court did not abuse its discretion in denying the motion.[2] Issue one is overruled.

**ISSUE TWO—FAILING TO ADMONISH OF THE RIGHT TO BE PRESENT AND INQUIRE WHETHER THE RIGHT WAS KNOWINGLY AND VOLUNTARILY WAIVED**

Appellant asserts "at no point" was he admonished of his constitutional right to be present in the courtroom. He also asserts the trial court failed to inquire whether he knowingly and voluntarily waived such right.[3] We disagree.

The record shows Appellant was immediately removed after using abusive language and making threatening gestures. To determine the reasonableness of the trial court's decision, we evaluate and balance Appellant's constitutional and statutory right to be physically present at all phases of trial against the trial court's responsibility to maintain appropriate courtroom decorum. *See Pool v. State*, No. 07-18-00358-CR, 2020 Tex. App. LEXIS 7438, at *17–18 (Tex. App.—Amarillo Sept. 14, 2020, pet. ref'd) (mem. op., not designated for publication).

Following Appellant's immediate removal, the trial court heard testimony from Corporal Ontiveros that Appellant was refusing to return. The next morning, on the last day of trial but before the jury returned, Appellant was present in the courtroom while restrained and again confirmed he did not want to be present for the remainder of the

---

[2] The motion for mistrial was also made outside the jury's presence, dispensing with the need for a curative instruction.

[3] Appellant argues his outburst "stemmed from his indignation with trial counsel" over "an unspecified problem." He contends he was forcibly removed for attempting to "exercise his power to supersede his lawyer" which impeded his right to self-representation and an opportunity to defend himself. There is there no indication that Appellant sought to terminate counsel's representation to pursue self-representation.

6

proceedings. As noted previously, the trial court admonished Appellant of his right to be present and inquired whether he was waiving that right, to which Appellant answered, "[y]es, sir." The trial court advised Appellant he could return at any time if he chose to do so. He communicated his understanding of his right as explained by the trial court. Finally, after the jury returned its verdict of guilty, the trial court again noted for the record that Corporal Ontiveros had given Appellant an opportunity to return to the courtroom to which he responded, "I do not want to come back."

The record shows Appellant was unequivocal and unwavering in his decision to remain absent from the proceedings. He was informed on several occasions he could reconsider and arrangements would be made for him to return to the courtroom. Nothing in the record supports Appellant's argument that he was not advised of his right to be present or that his decision to remain absent was unknowingly or involuntarily made. He willingly forfeited his right to be present. We cannot say the trial court abused its discretion in the manner it addressed Appellant's outburst. Issue two is overruled.

## CONCLUSION

The trial court's judgment is affirmed.

Alex L. Yarbrough
Justice

Do not publish.

7