STATE of Tennessee, Appellee,

v.

Robert Ray MANSELL, a/k/a Joe Mansell, Appellant.

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 17, 1986.

Permission to Appeal Denied by Supreme Court April 28, 1986.

R. Mitchell Ross, Fleming, Fleming & Ross, Clarksville, for appellant.

W.J. Michael Cody, Atty. Gen., Charles E. Bush, Asst. Atty. Gen., Nashville, Art Bieber, Asst. Dist. Atty. Gen., Clarksville, for appellee.

## OPINION

TATUM, Judge.

The defendant, Robert Ray Mansell, was convicted of third-degree burglary, escape, and being an habitual criminal. The life sentence imposed for being an habitual criminal was ordered to run concurrently with a sentence of three years imprisonment which was imposed on the escape conviction. The escape conviction was for violating T.C.A. § 39-5-706(a)(1). After considering the issues presented, we have concluded that the judgments must be affirmed.

On this appeal, the defendant does not question the sufficiency of the evidence. Testifying in his own behalf, he admitted breaking into the Trinity Episcopal Church in Montgomery County for the purpose of stealing food and money. He was apprehended at the scene and taken to the Montgomery County Jail. Before he was processed, he left the jail and was apprehended sometime later in Texas. The defendant testified that before his conviction in this case, he had four previous convictions for burglary. Since his own testimony establishes his guilt beyond a reasonable doubt, we will not discuss the State's evidence, which is overwhelming.

In the first issue, the defendant says that the trial court erred in consolidating the charges of third-degree burglary and felonious jail escape. The record shows that the evidence of both offenses would have been admissible at separate trials. A severance was not necessary to achieve a fair determination of guilt or innocence, and the defendant was not unfairly prejudiced by the trial court's actions.

In the escape case, it was essential that the State prove that the defendant was confined in the jail on a felony charge or conviction. T.C.A. § 39-5-706(a)(1). In order to do this, it was necessary for the State to prove the circumstances of his arrest, confinement, and the charge against him. *Lacey v. State*, 506 S.W.2d 809 (Tenn.Crim.App.1974). The fact that the defendant escaped was admissible as an inference of guilt in the burglary case. *Buckingham v. State*, 540 S.W.2d 660, 665 (Tenn.Crim.App.1976). The issue is without merit. See *State v. Hammonds*, 616 S.W.2d 890, 896 (Tenn.Crim.App.1981).

In the next issue, the defendant says that the trial court erred in refusing to instruct the jury on the offenses of attempt to commit a felony and criminal trespass. The indictment does not charge that the force used by the defendant during the burglary was a "breach of the peace." Therefore, the trial court was correct in not instructing the jury on the offense of criminal trespass. *State v. Freeman*, 669 S.W.2d 688, 692 (Tenn.Crim.App. 1983). There is no evidence which a reasonable mind could accept that the defend-

ant was guilty only of a lesser included offense. All of the evidence for both the State and the defendant established without contradiction that the offense of third-degree burglary was complete. Therefore, the trial judge properly refused to instruct the jury concerning the offenses of a mere attempt to commit burglary. *State v. Atkins,* 681 S.W.2d 571, 577 (Tenn.Crim.App. 1984).

■ In the next issue, the defendant says that the trial court erred in failing to instruct the jury that the defendant would not be eligible for parole if found to be an habitual criminal. This issue is overruled on the authority of *State v. Moore,* 596 S.W.2d 841, 845 (Tenn.Crim.App.1980); *Marsh v. State,* 561 S.W.2d 767, 770 (Tenn. Crim.App.1977).

■ In the last issue, the defendant says that the habitual criminal statute is unconstitutional in that the punishment provided is cruel and unusual and excessive. Counsel candidly asserts that there are numerous cases holding contrary to his assertion and that there is no case law or authority to support it. We likewise know of no authority or theory upon which the habitual criminal statute could be declared to be unconstitutional. We must, therefore, overrule this issue.

It results that the judgments of the trial court are affirmed.

DWYER and BYERS, JJ., concur.