# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 7, 2001

## STATE OF TENNESSEE v. BERNARD KEYS

**Direct Appeal from the Criminal Court for Shelby County**
**Nos. 99-12691 and 99-12692      Joseph B. Dailey, Judge**

---

**No. W2000-03138-CCA-R3-CD - Filed December 17, 2001**

---

The Shelby County Grand Jury returned two indictments against the defendant, one for aggravated burglary and one for misdemeanor evading arrest. The trial court consolidated the indictments prior to trial pursuant to Tenn. R. Crim. P. 8(b). The defendant was found guilty of both charges by a Shelby County jury. In this appeal, the defendant contends (1) the evidence is insufficient to sustain his convictions; and (2) the trial court improperly consolidated the indictments. After a thorough review of the record, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and THOMAS T. WOODALL, J., joined.

A.C. Wharton, Jr., Public Defender; and Josh Spickler (at trial and on appeal) and Gregory T. Carman (at trial only), Assistant Public Defenders, for the appellant, Bernard Keys.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; William L. Gibbons, District Attorney General; and Stephen P. Jones, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### TRIAL TESTIMONY

Ennis Brown, the victim, testified that he left his residence for work at approximately 6:00 a.m. on April 22, 1999, and saw the defendant on the street. The defendant, who wore a white Nike cap with a blue bill, whispered something to a companion and looked toward Brown's house. The victim was concerned and returned to his home where he stayed approximately an hour before leaving again for work. When the victim returned to his residence at approximately 9:45 p.m., he noticed a light was burning in his bedroom, and a window was broken. The victim entered and found his home "ransacked" with numerous items missing, including a television, VCR, and

checkbook. In his yard Brown found a white Nike cap with a blue bill, which he identified as belonging to the defendant. Brown previously had seen the defendant selling items on the street, including guns, televisions, and VCRs.

Juanita Duncan was Brown's neighbor and was deceased at the time of trial. The recording of her testimony at the preliminary hearing was admitted at trial under the former testimony exception to the hearsay rule. *See* Tenn. R. Evid. 804(b)(1). She testified at the preliminary hearing that she saw the defendant loading items, including a television, into three sacks while in the victim's yard on the day of the burglary.

Officer Clifton Dates testified he and his partner were on patrol on April 28, 1999. While driving in his cruiser, Officer Dates saw the defendant walking and recognized him from a departmental bulletin. When the defendant saw the officers, he walked quickly away. Officer Dates then turned the cruiser to follow the defendant, and the defendant removed his hat and a bag and ran. Officer Dates called for assistance, and approximately eight officers, a helicopter, and a canine unit assisted in the defendant's capture.

The defense presented no proof at trial.

Based upon this evidence, the defendant was convicted of aggravated burglary and evading arrest.

## I. SUFFICIENCY OF THE EVIDENCE

The defendant contends the evidence is insufficient to sustain his convictions. We respectfully disagree.

## A. Standard of Review

When an accused challenges the sufficiency of the evidence, this court must review the record to determine if the evidence adduced during the trial was sufficient "to support the finding by the trier of fact of guilt beyond a reasonable doubt." Tenn. R. App. P. 13(e). This rule is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Brewer, 932 S.W.2d 1,18 (Tenn. Crim. App. 1996).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the state the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Tuttle, 914 S.W.2d 926, 932 (Tenn. Crim. App. 1995).

**B. Analysis**

Aggravated Burglary

For a conviction of aggravated burglary to be sustained, the state must have proven the defendant, without the owner's consent, entered a habitation with intent to commit a felony, theft or assault. Tenn. Code Ann. §§ 39-14-402, -403.

The victim found a cap belonging to the defendant in his yard on the day of the burglary. Furthermore, Juanita Duncan saw the defendant in the victim's backyard placing items, including a television, in three sacks on the day of the burglary. This court has held the credible testimony of one identification witness is sufficient to support a conviction. State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999). The evidence was sufficient to support this conviction.

Evading Arrest

Tenn. Code Ann. § 39-16-603(a)(1)(A) makes it unlawful for "any person to intentionally flee by any means of locomotion from anyone the person knows to be a law enforcement officer if the person . . . [k]nows the officer is attempting to arrest the person . . . ."

Officer Clifton Dates testified the defendant "began walking very quicky from the area" when he saw the officers. When Officer Dates turned the cruiser to follow the defendant, the defendant shed a hat and other items, jumped a fence, and "took off and ran." The defendant led at least eight officers, a canine unit, and a police helicopter on a foot chase. The defendant was finally captured after officers surrounded him while he was hiding on top of a shed with no other avenues of escape.

The jury could have reasonably inferred that the defendant fled because he knew he was going to be arrested. The evidence was sufficient to support this conviction.

## II. CONSOLIDATION OF THE INDICTMENTS

The defendant contends the trial court erroneously consolidated and refused to sever the indictments for aggravated burglary and evading arrest. We find no reversible error.

**A. Standard of Review**

When the trial court consolidates offenses, its ruling will not be disturbed absent an abuse of discretion. Spicer v. State, 12 S.W.3d 438, 442 (Tenn. 2000). Accordingly, the decision will be reversed only if the trial court applied an incorrect legal standard, or reached a decision contrary to logic or reasoning that caused an injustice. State v. Shirley, 6 S.W.3d 243, 247 (Tenn. 1999).

**B. Controlling Rules**

The state sought to consolidate the defendant's indictments of aggravated burglary and evading arrest pursuant to Tenn. R. Crim. P. 8(b) (permissive joinder). The trial court granted the motion, due to the "close enough connection" of the offenses and the goal of judicial economy.

Two or more offenses may be consolidated pursuant to Tenn. R. Crim. P. 8(b) if the offenses "constitute parts of a common scheme or plan or if they are of the same or similar character." Moreover, Tenn. R. Crim. P. 14(b)(1) states:

> If two or more offenses have been joined or consolidated for trial pursuant to Rule 8(b), the defendant shall have a right to a severance of the offenses unless the offenses are part of a common scheme or plan and the evidence of one would be admissible upon the trial of the others.

Tenn. R. Crim. P. 14(b)(1) significantly limits the trial court's discretion to consolidate offenses since it contains an absolute right of the defendant to a severance unless two specific conditions are met. *See* <u>Shirley</u>, 6 S.W.3d at 246. The offenses must be (1) part of a "common scheme or plan," and (2) evidence of one must be admissible at the trial of the other. Tenn. R. Crim. P. 14(b)(1).

## C. Analysis

The second condition was met because evidence of flight and the evasion of arrest would be admissible in the aggravated burglary trial. *See* <u>State v. Zagorski</u>, 701 S.W.2d 808, 813 (Tenn. 1985). Likewise, evidence of the burglary would be admissible in the evasion of arrest case to show why the defendant was aware of his impending arrest.

The more difficult issue is whether the burglary and evasion of arrest are part of a "common scheme or plan." There are three types of common scheme or plan evidence:

> (1) offenses that reveal a distinctive design or are so similar as to constitute "signature" crimes; (2) offenses that are part of a larger, continuing plan or conspiracy; and (3) offenses that are all part of the same criminal transaction.

<u>Shirley</u>, 6 S.W.3d at 248; *see also* N. Cohen et al., **Tennessee Law of Evidence** § 4.04[12] (4th ed. 2000).

This court has been inconsistent in its determinations of whether escape or attempted escape can be consolidated at trial with the underlying charge. Some cases hold it to be proper. *See* <u>State v. Mansell</u>, 713 S.W.2d 330, 331 (Tenn. Crim. App. 1986); <u>State v. Lairron Rawson, et al.</u>, No. 89-18-III, 1989 WL 95638, at *3 (Tenn. Crim. App. filed Aug. 22, 1989, at Nashville), *perm. to app. denied* (Tenn. 1989). Other cases hold it to be improper. *See* <u>State v. Tommy Webb</u>, No. 165, 1991 WL 187926, at *2 (Tenn. Crim. App. filed Sept. 25, 1991, at Knoxville); <u>State v. John Wayne Slate,</u>

No. 101, 1989 WL 130712, at *3 (Tenn. Crim. App. filed Nov. 1, 1989, at Knoxville), *perm. to app. denied* (Tenn. 1990).

Regardless, if the trial court did err in not severing the indictments, it was clearly harmless. As previously stated, evidence of both offenses was admissible in the trial of either. The defendant suffered no prejudice. *See* State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999) (applying harmless error to failure to sever offenses); Slate, 1989 WL 130712, at *3 (finding harmless error in failing to sever counts charging first degree murder and attempted escape).

This issue is without merit.

## CONCLUSION

Based on the above analysis, we affirm the judgments of the trial court.

_____
JOE G. RILEY, JUDGE