**STATE of Tennessee**

v.

**John Edward JOHNSON, Jr.**

Supreme Court of Tennessee,
at Jackson.

July 12, 2002.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; Mark E. Davidson, Assistant Attorney General; Thomas A. Thomas, District Attorney General; and James T. Cannon, Assistant District Attorney General, for the appellant, State of Tennessee.

Lance E. Webb, Union City, Tennessee, and Ronald D. Krelstein, Germantown, Tennessee, for the appellee, John Edward Johnson, Jr.

## OPINION

E. RILEY ANDERSON, J., delivered the opinion of the court, in which FRANK F. DROWOTA, III, C.J., and ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

We granted review to address the following certified question that was reserved by the defendant following his guilty plea to unlawful possession of a weapon pursuant to Tenn.Code Ann. § 39–17–1307(b)(1)(A): "After an individual has had his full rights of citizenship restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*, following a conviction of aggravated assault with a deadly weapon, can he be convicted of a violation of Tenn.Code Ann. § 39–17–1307(b)(1)(A), or is he allowed to possess a handgun?" A majority of the Court of Criminal Appeals concluded that the defendant could lawfully possess a handgun in his residence because his citizenship rights had been restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*

We granted the State's application for permission to appeal to address this issue of first impression. After reviewing the record and applicable authority, we hold that the legislature intended that a person who has been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon cannot possess a handgun, even where his or her citizenship rights have been restored. Accordingly, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion.

## BACKGROUND

The defendant, John Edward Johnson, Jr., pled guilty to one count of unlawful possession of a weapon, a class E felony, and one count of simple possession of marijuana, receiving an effective sentence of one year at 30% as a Range I offender. In entering the guilty pleas, the defendant also reserved the following certified question of law for appeal: "After an individual has had his full rights of citizenship restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*, following a conviction of aggravated assault with a deadly weapon, can he be convicted of a violation of Tenn. Code Ann. § 39–17–1307(b)(1)(A), or is he allowed to possess a handgun?" *See* Tenn. R.Crim. P. 37 (certified questions of law).

The defendant and the State stipulated to the following facts. On June 29, 1989, the defendant was convicted of the felony of aggravated assault with a knife, which resulted in the loss of his citizenship rights. On May 12, 1999, the defendant successfully obtained a Certificate of Restoration of Citizenship.[1] On February 4, 2000, a search warrant was executed at the

---

1. *See* Tenn.Code Ann. § 40–29–101, *et seq.* (1997 & Supp.2001), which sets forth the procedures by which "[p]ersons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court."

defendant's residence where marijuana, a rifle, and a handgun were found. The defendant admitted that he owned the handgun that was found in his residence.

A majority of the Court of Criminal Appeals concluded that the defendant could lawfully possess a handgun in his residence after having his citizenship rights restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.* In a dissenting opinion, Judge David G. Hayes concluded that the defendant's right to possess a handgun was not restored with the restoration of his rights of citizenship because (1) the legislature utilized its constitutional right "to regulate the wearing of arms with the view to prevent crime"[2] by enacting Tenn.Code Ann. § 39–17–1307(b)(1)(A); and (2) the loss of the right to possess a handgun is not a right of citizenship removed due to a felony conviction.

The State sought permission to appeal, arguing that a person who has had his or her rights of citizenship restored may not lawfully possess a handgun and therefore may be prosecuted for unlawful possession of a weapon under Tenn.Code Ann. § 39–17–1307(b). The State asserts that restoration of citizenship is not an absolute defense to the charge of unlawful possession of a weapon and that the Court of Criminal Appeals' holding subverts the legislature's intent to prohibit dangerous felons from possessing handguns. The defendant maintains that the Court of Criminal Appeals properly determined that a person who has had citizenship rights restored pursuant to Tenn.Code Ann. § 40–29–101 may lawfully possess a handgun in his or her residence.

We granted the State's application for permission to appeal.

## ANALYSIS

### *Certified Question of Law*

Upon entry of his guilty plea, the defendant reserved a certified question of law pursuant to Tenn. R.Crim. P. 37(b)(2)(iv), which states:

> An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction ... upon a plea of guilty ... if ... [the] defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

In this case, the trial court's order contained a statement of the certified question of law that "clearly identif[ied] the scope and the limits of the legal issue reserved"; a statement of consent to the appeal from the trial judge and the State; and a statement of the dispositive nature of the question. *See State v. Preston,* 759 S.W.2d 647, 650 (Tenn.1988). We find that the certified question of law in this case is dispositive and is properly before this Court.

The defendant, however, asserts that the following sub-issue is encompassed within the certified question of law before this Court: "Does Article I, § 26 of the Tennessee Constitution of 1870 limit the authority of the General Assembly to restrict mere possession of any firearm?" Since the defendant has failed to reserve the right to appeal this constitutional issue in accordance with the requirements of Tenn. R.Crim. P. 37(b)(2)(iv), we decline to address this sub-issue. *See id.* ("Without an explicit statement of the certified question, neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case.").

---

**2.** *See* Tenn. Const. art. I, § 26.

## Statutory Construction

The issue before this Court is one of first impression: whether an individual who has had his or her full rights of citizenship restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*, following a conviction of aggravated assault with a deadly weapon, may be convicted of a violation of Tenn.Code Ann. § 39–17–1307(b)(1)(A). Since our review involves scrutiny and analysis of several statutory provisions, we will begin by summarizing familiar principles of statutory construction.

The construction of a statute is a question of law subject to *de novo* review with no presumption of correctness. *Ivey v. Trans Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn.1999). The primary purpose of statutory construction is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citation omitted). Courts must restrict their review "to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn.1998) (citing *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn.1983)).

A statute is ambiguous where it is capable of conveying more than one meaning. *Bryant v. HCA Health Services of No. Tennessee, Inc.*, 15 S.W.3d 804, 809 (Tenn.2000). When considering the meaning of a statute, courts "must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning." *Browder v. Morris*, 975 S.W.2d at 311 (citing *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn.1994)). A court should presume that "the Legislature used each word in the statute purposely and

that the use of these words conveys some intent and had a meaning and purpose." *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. Ct.App.1995) (citation omitted); *see also Bryant v. HCA Health Services of No. Tennessee, Inc.*, 15 S.W.3d at 809. In sum, "[w]here words of the statute are clear and plain and fully express the legislature's intent, there is no room to resort to auxiliary rules of construction, and we need only enforce the statute as written." *Browder v. Morris*, 975 S.W.2d at 311 (citations omitted).

Turning to the present case, the defendant was convicted of a statutory offense stated as follows: "A person commits an offense who possesses a handgun and ... [h]as been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon." Tenn.Code Ann. § 39–17–1307(b)(1)(A) (1997). The plain language of the statute makes clear the legislative intent to prohibit one who has been convicted of a violent felony from possessing a handgun. Since this statute is not ambiguous, we rely on the plain statutory language to conclude that a person who has been convicted of a violent felony may be charged with a crime when later found to be in possession of a handgun.

Since it is not disputed that the defendant was convicted of a violent felony in June of 1989, *i.e.*, aggravated assault with a knife, the plain language of Tenn.Code Ann. § 39–17–1307(b)(1)(A) indicates that he was subject to prosecution for possessing a handgun. The defendant argues, however, that the restoration of his citizenship rights pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*, enabled him to possess a handgun lawfully and that the Court of Criminal Appeals correctly held that he was permitted to possess a handgun in his residence pursuant to Tenn.Code Ann. § 39–17–1308(a)(3)(A).

■ Initially, we observe that Tennessee has "specific disability statutes," which "designate a particular civil disability that occurs upon the conviction and remains in effect throughout the defendant's life unless restored by a specific statutory procedure." *Cole v. Campbell,* 968 S.W.2d 274, 276 (Tenn.1998) (citing Special Project, *The Collateral Consequences of a Criminal Conviction,* 23 Vand. L.Rev. 929, 951 (1970)). Specific disability statutes include the loss of the right to vote, *see* Tenn.Code Ann. § 40–20–112 (1997); the loss of the right to hold public office, *see id.* § 40–20–114; the loss of the right to serve as a fiduciary, *see id.* § 40–20–115; and the loss of the right to possess a handgun, *see id.* § 39–17–1307(b).

As the parties recognize, Tenn.Code Ann. § 40–29–101 provides a procedure through which "[p]ersons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court *may* have their full rights of citizenship restored by the circuit court." *Id.* § 40–29–101 (emphasis added). The requirements for restoration of citizenship rights depend upon the date of the conviction. For convictions after July 1, 1986 but before July 1, 1996, a person may petition for restoration based on a pardon, service or expiration of the maximum sentence for the offense, or "final release" from incarceration or supervision. *See id.* § 40–29–105(b) (1997 & Supp.2001). For convictions after July 1, 1996, a petition may be based on a pardon or expiration of the maximum sentence, and the petitioner must also show that the petitioner "merits having full rights of citizenship restored." *See id.* § 40–29–105(c).

■ The term "may," as used in Tenn. Code Ann. § 40–29–101, is a discretionary term "used to express possibility, opportunity, or permission." *See Webster's Encyclopedic Unabridged Dictionary of the English Language* 886 (1989). Because we are required to presume that the legislature purposely selected the term "may," *see Locust v. State,* 912 S.W.2d at 718, it is clear that a person who is adjudged infamous or deprived of rights of citizenship does not have an absolute right to the restoration of the full rights of citizenship even upon satisfying the requirements in Tenn.Code Ann. § 40–29–101, *et seq.* Instead, the restoration of citizenship process is subject to the requirements and restrictions imposed by the legislature.[3]

The defendant nonetheless asserts that the Court of Criminal Appeals correctly determined that restoration of his citizenship rights included the right to possess a handgun in his residence. The defendant also cites Tenn.Code Ann. § 39–17–1308, which states, among other defenses, that it is "a defense to the application of § 39–17–1307 if the possession or carrying [of a weapon] was ... [a]t the person's ... [p]lace of residence." Tenn.Code Ann. § 39–17–1308(a)(3)(A) (1997 & Supp.2001). The defendant's argument that this provision is a complete defense to prosecution under Tenn.Code Ann. § 39–17–1307 is flawed for several reasons.

First, and most importantly, the same statutory provisions relied upon by the defendant expressly state that the "defenses described in this section are not available to persons described in § 39–17–1307(b)(1)." *Id.* § 39–17–1308(b). In other words, possession of a handgun in a residence is not an available defense to one who has been convicted of a prior violent felony. Moreover, as the State observes,

---

**3.** For example, a "person convicted of murder, rape, treason or voter fraud shall never be eligible to register and vote in this state."

Tenn.Code Ann. § 40–29–105(c)(2)(B) (1997 & Supp.2001).

restoration of citizenship rights under Tenn.Code Ann. § 40–29–101 is not listed among the defenses set forth in Tenn.Code Ann. § 39–17–1308.

Second, other statutory provisions likewise explicitly limit a convicted violent felon's right to possess a handgun, even when that felon has had his or her citizenship rights restored under Tenn.Code Ann. § 40–29–101, *et. seq.* For example, the sale of a firearm to a convicted felon generally is not prohibited if the felon has had his rights of citizenship restored, *unless* he or she is prohibited from possessing a handgun under Tenn.Code Ann. § 39–17–1307. *See id.* § 39–17–1316(a)(2)(D). Similarly, a handgun permit may be issued to a felon who has had his or her rights of citizenship restored, *unless* he or she was convicted of, among other offenses, a violent felony. *Id.* § 39–17–1351(j)(3).

Accordingly, we agree with the State that these statutory provisions demonstrate the legislature's clear intent to prohibit convicted violent felons from possessing a handgun. We therefore hold that a person convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon cannot possess a handgun, even where his or her citizenship rights have been restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.*

Our decision in *Cole v. Campbell,* 968 S.W.2d 274 (Tenn.1998), which was relied upon by the majority of the Court of Criminal Appeals, does not require the opposite result. In *Cole,* we noted that a person convicted of a violent felony loses the right to carry a handgun under Tenn.Code Ann. § 39–17–1307(b), and we observed that the loss of this and other "specific rights of citizenship *may* be restored pursuant to a statutory proceeding for 'restoration of citizenship' set forth in Tenn.Code Ann. §§ 40–29–101—05." *Cole v. Campbell,* 968

S.W.2d at 276 (emphasis added). The statement, as it pertained to the right to carry a handgun, was dicta in the context of that case, which involved the issue of whether a convicted felon had standing as a citizen to seek public records under the Public Records Act. It was not intended to indicate that the restoration of citizenship pursuant to Tenn.Code Ann. § 40–29–101 automatically restored that right. We therefore clarify the language in *Cole* to that extent.

## CONCLUSION

After reviewing the record and applicable authority, we hold that the legislature intended that a person who has been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon cannot possess a handgun, even where his or her citizenship rights have been restored pursuant to Tenn.Code Ann. § 40–29–101, *et seq.* Therefore, the judgment of the Court of Criminal Appeals is reversed, and this case is remanded to the trial court for further proceedings consistent with this opinion. As it appears the defendant is indigent, costs of appeal are taxed to the State for which execution may issue if necessary.