**STATE of Tennessee**

v.

**John Hill FERGUSON.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Oct. 7, 2002 Session.

Jan. 9, 2003.

Permission to Appeal Denied by Supreme Court May 19, 2003.

Paul G. Summers, Attorney General & Reporter; Christine M. Lapps, Assistant Attorney General, for the appellant, State of Tennessee.

J. Daniel Freemon, Lawrenceburg, Tennessee, for the appellee, John Hill Ferguson.

## OPINION

BEN H. CANTRELL, P.J., M.S., delivered the opinion of the court, in which WILLIAM B. CAIN, J. and FRANK G. CLEMENT, JR., Sp. J., joined.

The trial court restored the citizenship rights of a convicted felon, including the right to obtain a handgun permit. The district attorney filed a motion for the court to reconsider its decision in regard to gun rights, in light of statutes that disqualify individuals convicted of drug offenses from obtaining or carrying handguns. The trial court denied the motion. We reverse.

## I.

On March 19, 1987, John Hill Ferguson was indicted by the Lawrence County Grand Jury for two different felonies: receiving and concealing stolen property with a value of over $200, and possession of a controlled substance (cocaine) for the purpose of resale. Mr. Ferguson agreed to plead guilty to reduced charges on both indictments. The record includes standard judgment forms for the two cases, with the indicted charge written in on both forms. Both state that Mr. Ferguson was found guilty of "Attempt to Commit a Felony" and that he is rendered infamous. Mr. Ferguson was sentenced to two concurrent terms of three years as a Range 1 standard offender, and a fine of $2,500, but he was granted an immediate probation of six years.

After paying his fine, Mr. Ferguson petitioned the court to restore his citizenship rights. On March 20, 1991, Judge James L. Weatherford of the Lawrence County Circuit Court restored Mr. Ferguson's citizenship rights in accordance with the provisions of Tenn.Code Ann. § 40–29–101, et seq. "including his eligibility to register and vote in this state." Mr. Ferguson subsequently applied for a handgun permit. The application form asked if he had been convicted of a felony, and he answered in the negative. A background check was apparently conducted, and the permit was issued.

On May 8, 2001, Judge Stella Hargrove of the Lawrence County Circuit Court entered an order to clarify the effect of the court's 1991 order. There is nothing in the record to indicate what prompted Judge Hargrove to take this action. Her supplemental order declared that all of the parties to the earlier order, including the State of Tennessee, had intended to restore all of Mr. Ferguson's constitutional and citizenship rights, but that the order was "vague and ambiguous in regards to the restoration of gun rights." The court went on to declare that all of Mr. Ferguson's constitutional rights, including the right to keep and bear arms, had been restored.

The Lawrence County District Attorney then filed a motion on behalf of the State of Tennessee, which asked the court to reconsider its supplemental order. The district attorney asserted that the State had not been given adequate notice to enable it to make proper argument in opposition to the order, and asked that it now be allowed to do so.

On August 6, 2001, Judge Hargrove conducted a hearing on the State's motion. District Attorney Mike Bottoms argued that Tenn.Code Ann. § 39–17–1307(b)(1)(B) precluded individuals who

had been convicted of a drug felony from possessing a firearm. Mr. Ferguson's attorney argued that his client's attempt conviction should not be considered a drug felony, since the plea of attempt to commit a felony does not contain a reference to the nature of the felony involved. The attorney also argued that in 1991, a general restoration of citizenship included the restoration of gun rights, and that it would be unjust for the State to find that Mr. Ferguson could not possess a firearm when it had already issued him a permit.

The trial judge accepted Mr. Ferguson's argument that attempt to commit a felony should not be considered a drug felony under Tenn.Code Ann. § 39–17–1307. She therefore left her previous order intact, while telling the District Attorney, "I hope that you appeal this, so that we can get this guidance on it," and "I look forward to seeing what the appellate courts do." This appeal followed.

## II.

The only issue argued on appeal is whether the implied proscription of Tenn. Code Ann. § 39–17–1307(b) applies to Mr. Ferguson under the facts of this case. The statute reads as follows:

(b)(1) A person commits an offense who possesses a handgun and:

(A) Has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon; or

(B) Has been convicted of a felony drug offense.

A fair reading of the statute is that an individual who has been convicted of either type of felony described in it is not entitled to possess a handgun. That construction is confirmed by Tenn.Code Ann. § 39–17–1351, which declares,

(a) The citizens of this state have a right to keep and bear arms for their common

defense; but the general assembly has the power, by law, to regulate the wearing of arms with a view to prevent crime.

(b) Any resident of Tennessee who has reached twenty-one (21) years of age may apply to the department of safety for a handgun carry permit. If the applicant is not prohibited from purchasing or possessing a firearm in this state pursuant to § 39–17–1316 or § 39–17–1307(b), 18 U.S.C. § 922(g) or any other state or federal law and the applicant otherwise meets all of the requirements of this section, the department shall issue a permit to the applicant.

In the recent case of *State v. John Edward Johnson, Jr.,* 79 S.W.3d 522 (Tenn. 2002), our Supreme Court had the opportunity to consider whether the restoration of citizenship to a convicted felon negated the prohibition of Tenn.Code Ann. § 39–17–1307(b). The court held that it did not:

"... a person who is adjudged infamous or deprived of rights of citizenship does not have an absolute right to the restoration of the full rights of citizenship, even upon satisfying the requirements of Tenn.Code Ann. § 40–29–101, et seq. Instead, the restoration of citizenship process is subject to the requirements and restrictions imposed by the legislature."

Although *Johnson,* supra, involved an individual who had been convicted of a violent offense, we believe its holding is equally valid when applied to a drug offense. This leads us directly to the appellee's central argument, which is that his conviction was for something other than a drug offense.

Mr. Ferguson points out that the judgment form simply states that he pled guilty to and was convicted of "Attempt to Commit a Felony" without specifying the nature of that felony. The State notes that the form in question lists the indicted

charge as "Possession of a Controlled Substance for Purpose of Resale" and that the Criminal Docket Number on the form matches the number on the indictment itself, which describes the alleged drug offense in greater detail. The question thus comes down to how closely a conviction must adhere to the original indictment.

The State insists that when a defendant is indicted for a specific offense, he can only be convicted of that offense, or of a lesser included offense, unless the indictment is amended. *See State v. Jimmy D. Johnson,* No. 03C01–9602–CC–00062, 1997 WL 634532 (Tenn.Crim.App. Oct.16, 1997). Attempt to commit a felony has long been recognized as a lesser included offense of the underlying felony. *See State v. Mansell,* 713 S.W.2d 330 (Tenn.Crim.App.1986); *State v. Barton,* 626 S.W.2d 296 (Tenn. Crim.App.1981); *Bandy v. State* 575 S.W.2d 278 (Tenn.1979); *Jones v. State,* 200 Tenn. 429, 292 S.W.2d 713 (1956).

An indictment can be amended with the consent of the defendant. If the defendant does not consent, then the State must return to the grand jury for a superceding indictment, unless the proposed amendment does not charge an additional or different offense and does not prejudice any of the defendant's substantial rights. Rule 7, Tenn. R.Crim. Proc. There are no allegations in the record that the indictment in the present case was ever amended.

Mr. Ferguson's attorney argues that as a criminal defense attorney, he has often participated in plea bargaining that ultimately resulted in a plea of guilty to a charge only marginally related to the formal charge in the indictment. It appears to us that the contentions of the parties are not mutually exclusive, since a defendant is not likely to object to a prosecutor's short-cut if he perceives the ultimate result to be a more lenient sentence.

There is no proof, however, that Mr. Ferguson pled guilty to any crime other than attempt to possess a Schedule II substance for purposes of resale. The record contains only speculation that he might have, or could have pled to a different offense, if the prosecutor had decided to skirt the requirements of the law. We note that if Mr. Ferguson had been prosecuted for a violation of Tenn.Code Ann. § 39–17–1307, he would not have had to prove anything, and the State would have had to prove its case beyond a reasonable doubt. But the burden of proof on a petition to restore citizenship must necessarily fall more heavily on the petitioner. We therefore believe that Mr. Ferguson is not entitled to have his right to keep and bear arms restored.

### III.

The order of the trial court is reversed. Remand this cause to the Circuit Court of Lawrence County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee, John Hill Ferguson.