IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 13, 2005

## ERNIE LYNNWOOD EATON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Tipton County**
**No. 4813    Joseph H. Walker, III, Judge**

_____

**No. W2005-00243-CCA-R3-PC  - Filed January 10, 2006**

_____

Petitioner, Ernie Lynnwood Eaton, filed a *pro se* petition for post-conviction relief, as amended after the appointment of counsel, alleging that his trial counsel rendered ineffective assistance of counsel in connection with the negotiation and entry of Petitioner's plea of guilty to three counts of the sale of less than 0.5 grams of cocaine, a Class C felony. Petitioner also alleged that his effective sentence of four years and six months violates the provisions of Tennessee Code Annotated section 40-35-211(1) and is therefore illegal. After an evidentiary hearing, the post-conviction court denied Petitioner's petition. In his appeal, Petitioner challenges only the post-conviction court's finding that Petitioner's sentence was authorized by law. After review, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which GARY R. WADE, P.J., and DAVID G. HAYES, J., joined.

J. Barney Witherington, IV, Covington, Tennessee, for the appellant, Ernie Lynnwood Eaton.

Paul G. Summers, Attorney General and Reporter; David H. Findley, Assistant Attorney General; Elizabeth T. Rice, District Attorney General; and Colin Campbell, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

At the post-conviction hearing, Petitioner testified that he entered a plea of guilty to the charged offenses because his trial counsel told him he would receive a sentence of split confinement, with not more than one hundred and twenty days in confinement and the rest of his sentence to be served on probation in a drug rehabilitation program. Petitioner said that he did not know what evidence the State had to support the charges against him. Petitioner said that he followed his counsel's advice to enter a plea of guilty because "he didn't know no [sic] better." Petitioner said

that he would not have entered a plea if he had known that he would not be granted some form of alternative sentencing.

On cross-examination, Petitioner agreed that the State presented a factual basis for his plea at the guilty plea submission hearing, that the trial court informed him of the nature of the charges against him and the possible punishment, and that the trial court advised him of the rights he was foregoing by entering a plea. Petitioner said that he told the trial court that he understood the significance and consequences of his plea. Petitioner said that he told his trial counsel that he wanted to participate in a drug rehabilitation program because he "needed some help." Petitioner said that he could not remember exactly how his counsel responded, but he believed that his counsel told him that it was possible he could receive a probated sentence.

Trial counsel testified that he had been with the public defender's office for approximately sixteen years. He stated that he met with Petitioner prior to the guilty plea submission hearing, and Petitioner told him that he had committed the offenses charged in the indictment. Counsel said that Petitioner's main concern was the possibility of entering a drug rehabilitation program at Lighthouse Ministries, and that he had a letter from the facility indicating that Petitioner would be accepted into the program if treatment was a condition of his probation. Counsel said that Petitioner understood that the potential sentence for a Range I, standard offender convicted of a Class C felony was between three years and six years. Counsel informed Petitioner that he could request alternative sentencing, but counsel could not guarantee that the trial court would grant his request.

At the conclusion of the evidentiary hearing, the post-conviction court specifically accredited the testimony of Petitioner's counsel. The post-conviction court found that Petitioner had voluntarily and knowingly entered into his plea of guilty to the charged offenses, that counsel advised Petitioner as to the potential punishment, and that counsel could not guarantee that Petitioner would receive some form of alternative sentencing. Accordingly, the post-conviction court found that Petitioner had failed to show that his counsel's assistance in the negotiation and entry of his guilty plea was ineffective. The post-conviction court also found that although Petitioner's effective sentence was expressed in terms of years and months, his sentence was a determinate sentence which fulfilled the provisions of Tennessee Code Annotated section 40-35-211. The post-conviction court, however, corrected Petitioner's judgment to reflect a sentence of fifty-four months.

Petitioner does not challenge the post-conviction court's finding that his trial counsel rendered effective assistance of counsel during the negotiation and entry of his plea agreement. Petitioner argues, however, that his sentence is illegal, and thus void. Petitioner submits that Tennessee Code Annotated section 40-35-211 authorizes a trial court to impose a determinate sentence expressed in either years or months, but not a combination of the two.

Tennessee Code Annotated section 40-35-211(1) provides, in part:

**Court to impose determinate sentences only.**– In fixing a sentence for a felony or misdemeanor, the court shall impose a specific sentence length for each offense:

(1) Specific sentences for a felony shall be for a term of years or months or life, if the defendant is sentenced to the department of correction . . . .

Petitioner argues that the use of the word "or" rather than "and" evidences the legislature's intent that a defendant is to be sentenced to a term of years, or a term of months, but not both. Citing *McLaney v. Bell*, 59 S.W.3d 90 (Tenn. 2001), Petitioner contends that his sentence, which is expressed in both months and years, contravenes the 1989 Sentencing Reform Act and is therefore illegal.

We start this analysis with the well-known principles of statutory construction as recently summarized by our Supreme Court in *State v. Johnson*, 79 S.W.3d 522, 526 (Tenn. 2002):

The construction of a statute is a question of law subject to *de novo* review with no presumption of correctness. *Ivey v. Trans Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn. 1999). The primary purpose of statutory construction is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citation omitted). Courts must restrict their review "to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998) (citing *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn. 1983)).

*Johnson*, 79 S.W.3d at 526.

Ambiguity in a statute arises when the statutory provision at issue is "capable of conveying more than one meaning." *Bryant v. HCA Health Services of Tenn., Inc.*, 15 S.W.3d 804, 809 (Tenn. 2000). "When considering the meaning of a statute, courts 'must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning.'" *Johnson*, 79 S.W.3d at 526 (quoting *Browder*, 975 S.W.2d at 311 (citing *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994))).

The legislative intent in enacting section 40-35-211 was clearly to require a trial court to impose a specific, determinate sentence for a felony or misdemeanor conviction. The ambiguity, if any, arises out of the use of the conjunction "or" in establishing the time parameters a trial court may use to set the length of a sentence. Generally, when the conjunction "and" is used in a statutory phrase, the portions of the sentence the conjunction connects are construed together, and when "or" is used in the disjunctive, the portions of the sentence express different elements. *See generally Stewart v. State*, 33 S.W.3d 785, 792 (Tenn. 2000) (stating that the word "and" is generally interpreted in the conjunctive). The word "or," however, is not always used in the disjunctive and is often used "to connect two thoughts expressing the same idea." *Saunders v. State*, 345 S.W.2d 899, 908-09 (Tenn. 1961). The words "and" and "or," thus, "'are [frequently] interchangeable in the

construction of statutes when necessary to carry out the legislative intent.'" *Stewart*, 33 S.W.3d at 792 (quoting *City of Knoxville v. Gervin*, 169 Tenn. 532, 541, 89 S.W.2d 348, 352 (1936)).

In giving effect to the legislative intent of imposing determinate sentences, we conclude that Petitioner's sentence of four years and six months does not contravene the provisions of Tennessee Code Annotated section 40-35-211(1). Petitioner's sentence in the case *sub judice* is no less determinate if expressed as a sentence of four and one-half years, a sentence of four years and six months, or a sentence of fifty-four months. *See Thomas M. Tucker v. Flora J. Holland, Warden*, No. M2003-02837-CCA-R3-HC, 2005 WL 467286, at *3 (Tenn. Crim. App., at Nashville, Feb. 22, 2005), *no perm. to appeal filed* (A sentence of ten years and six months is within the range allowed by law); *State v. Charles David Campbell*, No. 01C01-9110-CC-00286, 1992 WL 98977 (Tenn. Crim. App., at Nashville, May 13, 1992), *perm. to appeal denied* (Tenn. Oct. 26, 1992) (The defendant's sentence of eight years and six months "is a specific determinate sentence" which complies with the requirements of Tennessee Code Annotated sections 40-35-210 and -211(1) (1990)).

Petitioner was convicted as a Range I, standard offender, of three Class C felonies, the sentencing range for which is not less than three years nor more than six years. Tenn. Code Ann. § 40-35-112(a)(3). Petitioner's sentence of four years, six months for each felony conviction is a specific determinate sentence as contemplated by section 40-35-211(1) and within the range authorized by law. Petitioner is not entitled to relief on this issue.

## CONCLUSION

The judgment of the post-conviction court is affirmed.

_____
THOMAS T. WOODALL, JUDGE