IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 2, 2017

## MICHAEL FISHER v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Shelby County**
**No. CT-000561-16  Jerry Stokes, Judge**

_____

### No. W2016-01409-COA-R3-CV

_____

An individual previously convicted of a felony drug offense petitioned for restoration of his citizenship rights.  The trial court restored all his citizenship rights except the right to bear arms.  In doing so, the court concluded that Tennessee Code Annotated § 39-17-1307(b), which makes it an offense for certain persons to possess a firearm, prohibited the court from restoring the right to bear arms.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

W. NEAL MCBRAYER, J., delivered the opinion of the court, in which JOHN W. MCCLARTY and ARNOLD B. GOLDIN, JJ., joined.

Robert Wampler, Memphis, Tennessee, for the appellant, Michael Fisher.

Herbert H. Slatery III, Attorney General and Reporter, Andrée S. Blumstein, Solicitor General, and Michael A. Meyer, Special Counsel, for the appellee, State of Tennessee.

## OPINION

## I.

On April 24, 1986, Michael Fisher pled guilty to criminal attempt, specifically unlawful possession of a controlled substance with intent to sell.  The Criminal Court for Shelby County, Tennessee, sentenced Mr. Fisher to three years imprisonment, and as a result of the conviction, he was rendered infamous.  *See* Tenn. Code Ann. § 40-20-112 (2012).

On February 11, 2016, Mr. Fisher filed a Petition for Restoration of Citizenship in the Circuit Court for Shelby County.  In his petition, Mr. Fisher requested the trial court

to restore his citizenship, "including, but not limited to the right to vote, and the right to bear arms."

The State of Tennessee responded to the petition, indicating that, due to the age of his conviction, it did not oppose the restoration of Mr. Fisher's citizenship rights. However, the State argued that the court could not restore Mr. Fisher's right to possess a firearm.

On June 7, 2016, the trial court entered an order partially restoring Mr. Fisher's rights of citizenship. The trial court granted Mr. Fisher's petition with regard to all rights except the right to bear arms. The court concluded that Tennessee Code Annotated § 39-17-1307(b)(2) prohibited it from restoring Mr. Fisher's right to bear arms. The statute cited by the court makes it a crime for a person to "unlawfully possess[] a firearm" and to have "been convicted of a felony drug offense." Tenn. Code Ann. § 39-17-1307(b)(1)(B) (2014).

## II.

On appeal, Mr. Fisher argues that the trial court misinterpreted Tennessee Code Annotated § 39-17-1307(b)(1)(B). According to Mr. Fisher, a proper interpretation of the statute only bars restoration of the right to bear arms if he had been in possession of a handgun when he committed his felony drug offense. Because the State agreed below that his conviction was considered "non-violent," Mr. Fisher submits that the statute does not apply to him. Statutory interpretation presents a question of law, which we review de novo with no presumption of correctness. *State v. Johnson*, 79 S.W.3d 522, 526 (Tenn. 2002).

Certain criminal convictions carry with them civil disabilities. *Id*. at 527. This concept has its roots in antiquity,

> when a criminal conviction rendered one "infamous," and resulted in the loss of the right to vote, hold office, make speeches or assemble. The sanctions were viewed as retributive and deterrence measures imposed against those who committed crimes because they entailed the loss of rights most cherished by society. Civil disabilities were also imposed in early English common law in the form of "attainder." A person convicted of treason or a felony, i.e., attained, was not only subjected to criminal punishment but also the loss of property, voting, and other civil rights.

*Cole v. Campbell*, 968 S.W.2d 274, 276 (Tenn. 1998) (citing Special Project, *The Collateral Consequences of a Criminal Conviction,* 23 VAND. L. REV. 929, 941-44 (1970)). In Tennessee, "[s]pecific disability statutes include the loss of the right to vote, the loss of the right to hold public office, the loss of the right to serve as a fiduciary, and

2

the loss of the right to possess a handgun." *Johnson*, 79 S.W.3d at 527 (internal citations omitted).

Under what has been called the "Restoration Statute," *Blackwell v. Haslam*, No. M2012-01991-COA-R3-CV, 2013 WL 3379364, at \*11 (Tenn. Ct. App. June 28, 2013), "[p]ersons rendered infamous or deprived of the rights of citizenship by the judgment of any state or federal court may have their full rights of citizenship restored by the circuit court." Tenn. Code Ann. § 40-29-101(a) (2012). However, "a person who is adjudged infamous or deprived of rights of citizenship does not have an absolute right to the restoration of the full rights of citizenship even upon satisfying the requirements [of the Restoration Statute]." *Johnson*, 79 S.W.3d at 527. As with any statutorily created right, "the restoration of citizenship process is subject to the requirements and restrictions imposed by the legislature." *Id*.

Our supreme court has interpreted a former version of Tennessee Code Annotated § 39-17-1307(b) as one legislatively imposed restriction on restoration of the rights of citizenship. Specifically, the court interpreted section 39-17-1307(b)(1)(A) as prohibiting "a person convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon [from] possess[ing] a handgun,[1] even where his or her citizenship rights have been restored [under the Restoration Statute]." *Id*. at 528.

Under the same reasoning as that employed by the supreme court, in *State v. Ferguson*, we held that a former version of Tennessee Code Annotated § 39-17-1307(b)(1)(B) prohibited a person convicted of "a felony drug offense" from possessing a handgun. 106 S.W.3d 665, 667 (Tenn. Ct. App. 2003). Therefore, we concluded that a person convicted of a felony drug offense may not have his right to obtain a handgun permit restored under the Restoration Statute. *Id*.

Our interpretation of Tennessee Code Annotated § 39-17-1307(b)(1)(B) in *State v. Ferguson* might have ended our analysis, but for one thing. When *State v. Ferguson* was decided, Tennessee Code Annotated § 39-17-1307(b)(1) read as follows:

(b)(1) A person commits an offense who possesses a handgun and:

(A) Has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon; or

---

[1] In 2008, the Legislature amended Tennessee Code Annotated § 39-17-1307(b) to prohibit certain convicted felons from possessing firearms rather than just handguns. 2008 Tenn. Pub. Acts 1044 (Ch. 1166). "Firearms" are defined as "any weapon designed, made or adapted to expel a projectile by the action of an explosive or any device readily convertible to that use." Tenn. Code Ann. § 39-11-106(a)(11) (2014).
.

3

(B) Has been convicted of a felony drug offense.

*Id*. But, in 2012, the Legislature amended subsection (b) of Tennessee Code Annotated § 39-17-1307, to read as follows:

(b)(1) A person commits an offense who *unlawfully* possesses a *firearm, as defined in § 39-11-106,* and:

(A) Has been convicted of a felony involving the use or attempted use of force, violence or a deadly weapon; or

(B) Has been convicted of a felony drug offense.

2012 Tenn. Pub. Acts 753 (Ch. 726) (emphasis added). The amendment added the word "unlawfully" before the word "possesses." Mr. Fisher argues that the Legislature's inclusion of the word "unlawfully" is significant. As a result, he questions the continued precedential value of both *State v. Johnson* and *State v. Ferguson*.

We previously rejected this argument in *Blackwell*, 2013 WL 3379364 at \*13. In that case, we noted that, although Tennessee Code Annotated § 39-17-1307(b)(1) had been amended since the supreme court decided *Johnson*, the statute "still makes it a felony for drug felons, and persons convicted of a felony 'involving the use or attempted use of force, violence, or a deadly weapon, to possess a firearm.'" *Id*. We see no reason to reconsider that interpretation.

As we did then, we find support for our interpretation in the handgun carry permit statute. *See* Tenn. Code Ann. § 39-17-1351 (2014). Under that statute, a convicted drug felon would not be granted a permit if he or she had been convicted of a felony drug offense involving a Schedule I, II, III, IV or V controlled substance, even if restored to full rights of citizenship under the Restoration Statute. *Id*. § 39-17-1351(j)(3).[2]

---

[2] The handgun carry permit statute provides that the department of safety shall not deny a permit application if, among other things:

The applicant, who was rendered infamous or deprived of the rights of citizenship by judgment of any state or federal court, has had the applicant's full rights of citizenship duly restored pursuant to procedures set forth within title 40, chapter 29, or other federal or state law; *provided, however, that this subdivision (j)(3) shall not apply to any person who has been convicted of burglary, any felony offense involving violence or use of a firearm or any felony drug offense involving a Schedule I, II, III, IV or V controlled substance or a controlled substance analogue.* If the applicant has been convicted of a felony drug offense involving a Schedule VI controlled substance, this subdivision (j)(3) shall not apply if the offense occurred within ten (10) years of the date of application or renewal.

Mr. Fisher's conviction involved the attempted sale of cocaine, which is a Schedule II controlled substance. *Id*. § 39-17-408(b)(4).

## III.

We conclude that a person convicted of a felony drug offense involving a Schedule II controlled substance may not have the right to bear arms restored under the Restoration Statute, Tennessee Code Annotated § 40-29-101 et seq. Therefore, we affirm the judgment of the trial court.

_____
W. NEAL MCBRAYER, JUDGE

---

Tenn. Code Ann. § 39-17-1351(j)(3) (emphasis added).