IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
October 3, 2017 Session

## IN RE CONSERVATORSHIP OF WALTRAUD E. LEMONTE

**Appeal from the Chancery Court for Montgomery County**
**No. MC-CH-CV-CP-16-16      Laurence M. McMillan, Jr., Chancellor**

_____

### No. M2016-02205-COA-R3-CV

_____

This appeal involves competing conservatorship petitions filed by the children of the Ward. Appellees, daughters of the Ward, filed a petition seeking to be named as co-conservators for the Ward and seeking to revoke powers of attorney executed by the Ward in favor of her son who is the Appellant. Appellant filed his answer and counter-petition to be appointed conservator. Appellees opposed Appellant's counter-petition on the ground that he is a convicted felon and, therefore, ineligible to serve as the Ward's conservator, under Tennessee Code Annotated Section 40-20-115. The trial court found that Appellant's Nevada sentence for drug charges disqualified him from serving as the Ward's agent or fiduciary. As such, the trial court revoked the Appellant's powers of attorney and dismissed Appellant's counter-petition. Discerning no error, we affirm.

**Tenn. R. App. P.  3 Appeal as of Right; Judgment of the Chancery Court
Affirmed and Remanded**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ANDY D. BENNETT and W. NEAL MCBRAYER, JJ., joined.

Ronald Ray LeMonte, Jr., Woodlawn, Tennessee, pro se.

Ashleigh L. Travis, Clarksville, Tennessee, for the appellees, Elke LeMonte and Bonnie Alice Castor.

# OPINION

## I. Background

Elke LeMonte, Bonnie Castor (together "Appellees"), and Appellant Ronald R. LeMonte, Jr. are the children of Waltraud E. LeMonte (the "Ward"). It is undisputed that the Ward suffers from advanced age and dementia. According to Appellees' brief, in February 2015, Appellant influenced the Ward, who was then in the beginning stages of dementia, to execute powers of attorney (general and medical) naming Appellant as her attorney-in-fact. Appellees further claim that Appellant "began a course of action encouraging the [Ward] to cease all communication with and to fear Appellees; removing financial and other documents from [the Ward's] home; and failing to notify Appellees of [the Ward's] doctors' appointments, medications, and progress[ing] medical condition."

In 2013, Appellant was charged, in Nevada, with Possession of a Schedule I or Schedule II Controlled Substance for the Purpose of Sale, a Category D Felony as Defined by Nevada Revised Statutes Section 453.337. Specifically, Appellant was stopped by Nevada Highway Patrol, and 4,472.4 grams of marijuana were found hidden in Appellant's vehicle. On July 11, 2016, Appellant was convicted of the offense and sentenced to a maximum of 32 months. However, Appellant's conviction was suspended (with credit for 25 days served), and he was placed on probation for 60 months.

On April 11, 2016, before Appellant was sentenced in Nevada, Appellees filed a petition seeking to be named as co-conservators for the Ward. After Appellant was convicted of the drug offense, Appellees filed a motion to invalidate the powers of attorney executed by the Ward in favor of Appellant.

On April 28, 2016, Appellant filed his answer and counter-petition to be appointed conservator for the Ward. Appellees opposed Appellant's counter-petition on the ground that he is a convicted felon and is, therefore, ineligible to serve as the Ward's conservator under Tennessee Code Annotated Section 40-20-115, *infra*.

On June 10, 2016, the trial court entered an agreed order, under which the parties agreed, *inter alia*, that Appellant would not use the powers of attorney pending further orders of the court. Appellant was also ordered to return the Ward's personal property and to refrain from removing any items from her home. On July 26, 2016, Appellees filed a motion to deem the powers of attorney invalid and to dismiss Appellant's counter-petition to be appointed conservator. Appellant opposed this motion. By order of September 13, 2016, the trial court invalidated the powers of attorney due to Appellant's felony conviction. By order of November 18, 2016, the trial court appointed Appellees as co-conservators. Appellant appeals.

## II. Issues

Appellant raises two issues for review:

1.      Does Tennessee Code Annotated Section 40-20-115 apply to a felon who has never been imprisoned in a penitentiary while concurrently serving in a fiduciary relationship?

2.      Did the trial court err when it invalidated the powers of attorney of the Appellant while also dismissing the Appellant's counter-petition seeking to be appointed conservator in the event the powers of attorney were invalidated?

We perceive that there is one dispositive issue, which we state as follows: Whether the trial court's ruling invalidating Appellant's powers of attorney and dismissing Appellant's Counter-Petition to be Appointed Conservator, under Tennessee Code Annotated Section 40-20-115, was correct?

## III. Standard of Review

The issue on appeal presents a question of law in that it requires us to interpret and apply Tennessee Code Annotated Section 40-20-115. The construction of a statute is a question of law subject to *de novo* review with no presumption of correctness. *Ivey v. Trans Global Gas & Oil*, 3 S.W.3d 441, 446 (Tenn. 1999). The primary purpose of statutory construction is "to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citation omitted). Courts must restrict their review "to the natural and ordinary meaning of the language used by the legislature in the statute, unless an ambiguity requires resort elsewhere to ascertain legislative intent." *Browder v. Morris*, 975 S.W.2d 308, 311 (Tenn. 1998) (citing *Austin v. Memphis Pub. Co.*, 655 S.W.2d 146, 148 (Tenn. 1983)).

A statute is ambiguous where it is capable of conveying more than one meaning. *Bryant v. HCA Health Services of No. Tennessee, Inc.*, 15 S.W.3d 804, 809 (Tenn. 2000). When considering the meaning of a statute, courts "must consider the language employed in context of the entire statute without any forced or subtle construction which would extend or limit its meaning." *Browder v. Morris*, 975 S.W.2d at 311 (citing *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994). A court should presume that "the Legislature used each word in the statute purposely and that the use of these words conveys some intent and had a meaning and purpose." *Locust v. State*, 912 S.W.2d 716, 718 (Tenn. Ct. App. 1995) (citation omitted); *see also Bryant v. HCA Health Services No. Tennessee, Inc.*, 15 S.W.3d at 809. In sum, "[w]here words of the statute are clear and plain and fully express the legislature's intent, there is no room to

resort to auxiliary rules of construction, and we need only enforce the statute as written." ***Browder v. Morris***, 975 S.W.2d at 311 (citations omitted).

While we are cognizant of the fact that Mr. LeMonte is representing himself in this appeal, it is well-settled that "pro se litigants are held to the same procedural and substantive standards to which lawyers must adhere." ***Brown v. Christian Bros. Univ.***, No. W2012-01336-COA-R3-CV, 2013 WL 3982137, at *3 (Tenn. Ct. App. Aug. 5, 2013), *perm. app. denied* (Tenn. Jan. 15, 2014). This Court has held that "[p]arties who choose to represent themselves are entitled to fair and equal treatment by the courts." ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000); ***Paehler v. Union Planters Nat'l Bank, Inc***., 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). Nevertheless, "courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." ***Young v. Barrow***, 130 S.W.3d 59, 62-63 (Tenn. Ct. App. 2003); ***Edmundson v. Pratt***, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996); ***Kaylor v. Bradley***, 912 S.W.2d 728, 733 n.4 (Tenn. Ct. App. 1995).

## IV. Analysis

The statute in question in this case, Tennessee Code Annotated Section 40-20-115, states as follows:

> The effect of a sentence of imprisonment in the penitentiary is to put an end to the right of the inmate to execute the office of executor, administrator or guardian, fiduciary or conservator, and operates as a removal from office.

Tenn. Code Ann. § 40-20-115. As articulated by the Tennessee Supreme Court, this statute is a "specific disability statute," to-wit:

> Tennessee has "specific disability statutes," which "designate a particular civil disability that occurs upon the **conviction** and remains in effect throughout the defendant's life unless restored by a specific statutory procedure." ***Cole v. Campbell***, 968 S.W.2d 274, 276 (Tenn. 1998) (citing Special Project, *The Collateral Consequences of a Criminal Conviction*, 23 VAND. L. REV. 929, 951 (1970)). Specific disability statutes include the loss of the right to vote, *see* Tenn. Code Ann. § 40-20-112 (1997); the loss of the right to hold public office, *see id.* § 40-20-114; the loss of the right to serve as a fiduciary, *see id.* § 40-20-115; and the loss of the right to possess a handgun, *see id.* § 39-17-1307(b).

***State v. Johnson***, 79 S.W.3d 522, 527 (Tenn. 2002) (emphasis added).

Turning to the record, it is undisputed that Appellant was convicted of Possession

of a Schedule I or Schedule II Controlled Substance for the Purpose of Sale, a Category D Felony as Defined by Nevada Revised Statutes Section 453.337. Appellant was sentenced to "a maximum term of 32 months in the Nevada Department of Corrections." Appellant's sentence of 32 months was suspended, and he was placed on probation for 60 months. On appeal, Appellant argues that the fact that he did not serve actual prison time precludes applicability of Tennessee Code Annotated Section 40-20-115. Appellant further argues that he was never an "inmate" in prison and that the statute in question was strictly aimed at "criminal wrongdoers" sentenced to prison, not those placed on probation. As discussed by the Tennessee Supreme Court in **Johnson**, it is not the fact of imprisonment, but rather the conviction that forms the basis for exclusion from fiduciary roles. Here, it is undisputed that Appellant was found guilty and sentenced to imprisonment in a state correctional facility in Nevada for a felony drug offense.

In its order terminating Appellant's powers of attorney and dismissing Appellant's counter-petition to be appointed conservator, the trial court found:

> [P]ursuant to Tenn. Code Ann. § 40-20-115 and supporting case law, the [Appellant's] felony conviction to the Nevada Department of Corrections disqualifies him to be an agent or fiduciary under a power of attorney and to be appointed as Conservator.

We agree. The plain language of Tennessee Code Annotated Section 40-20-115 prohibits any person, who has received a sentence of imprisonment (whether the sentence is actually served), from serving as a fiduciary or conservator. Accordingly, we conclude, as did the trial court, that Appellant's Nevada felony conviction and his sentence to the Nevada Department of Corrections disqualify him from being an agent or conservator for the Ward under Tennessee Code Annotated Section 40-20-115. As such, the trial court did not err in terminating the powers of attorney or in dismissing Appellant's counter-petition to be appointed conservator for the Ward.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed to the Appellant, Ronald Ray LeMonte, Jr. Because Mr. LeMonte is proceeding *in forma pauperis* in this appeal, execution for costs may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE